OPINION JUDGMENT ENTRY
{¶ 1} Appellant Wilma Jean Peterson nka Hayes appeals the decision of the Muskingum County Court of Common Pleas, Domestic Relations Division, which executed sentence upon a prior contempt finding against her. Appellee Randy Lee Peterson is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were divorced in Muskingum County on May 31, 2002. The divorce decree, which incorporated the parties' separation agreement, granted appellant the option to retain the marital residence, with a requirement that she refinance the existing mortgage and pay appellee $18,000 for his interest in the home. The refinancing and payment to appellee were to be completed by May 15, 2002.
 {¶ 3} On August 28, 2002, appellee filed a motion to show cause, alleging that appellant had failed to comply with the above court orders pertaining to the marital residence. Following a hearing, the magistrate issued a decision on October 31, 2002, finding appellant in contempt of court. Appellant filed an objection to the decision of the magistrate on December 18, 2002. On January 17, 2003, the trial court issued a judgment entry adopting the magistrate's decision and overruling appellant's objection. On March 14, 2003, the court issued a judgment entry which imposed a thirty-day jail sentence, with the execution of said sentence suspended on the purge condition that she refinance and pay appellee $18,000, plus attorney fees, no later than November 30, 2002. The court, via a subsequent judgment entry, thereafter extended the date to June 30, 2003.
 {¶ 4} On July 17, 2003, appellee filed a motion requesting execution of sentence for appellant's alleged failure to comply with the purge provisions set forth in the March 14, 2003 judgment entry. The court conducted a hearing on September 2, 2003. The court thereupon found that appellant had not complied with the purge conditions and ordered her to commence her sentence of thirty days in jail.
 {¶ 5} Appellant filed her notice of appeal on September 17, 2003. Her pro se brief fails to set out any Assignments of Error, as required by App.R. 16(A)(3). However, in the interest of justice, we glean the following Assignment of Error from the brief (see Helfrich v. City of Pataskala Planning Zoning
(Feb. 22, 2001), Licking App. No. 00CA82):
 {¶ 6} "I. The trial court erred in finding appellant in contempt of court.
 I. {¶ 7} Contempt has been defined as the disregard for judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294,455 N.E.2d 691. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v.Tomaszczyk (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. A sanction for civil contempt must allow the contemnor the opportunity to purge himself or herself of contempt. Burchett v. Miller (1997), 123 Ohio App.3d 550, 552
(citations omitted).
 {¶ 8} In the case sub judice, appellant appears to challenge not only the prior contempt finding itself, but the reasonableness of the purge provisions. However, as an initial matter, we note that appellant failed to appeal from the court's order of March 14, 2003, which found her in contempt and imposed a thirty-day suspended jail sentence. We find said imposition of the sentence for contempt (as opposed to the execution of sentence), albeit with purge conditions, constituted a final appealable order, from which appellant did not timely appeal. See, e.g., Strong v. Strong, Lucas App. No. L-01-1464, 2002-Ohio-234. Hence, the sole issue before us is whether the trial court abused its discretion in executing the previously suspended sentence against appellant. See, e.g., Baker v.Mague, Cuyahoga App. No. 82792, 2004-Ohio-1259, ¶ 16.
 {¶ 9} The purge provision at issue required appellant to pay appellee $18,000, refinance the existing mortgage on the marital residence, and pay attorney fees and court costs, all before a date certain. Although appellant presently seeks to dredge up a number of difficulties she encountered with various bank refinancing processes, the record reveals appellant admitted to failing to meet the unappealed purge provisions ordered by the court on March 14, 2003, and ultimately extended until June 30, 2003.
 {¶ 10} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, upon review of the record, we hold the trial court's execution of sentence on the contempt finding was not an abuse of discretion.
 {¶ 11} The Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is affirmed.
Costs to appellant.