MEMORANDUM OPINION
{¶ 1} On October 29, 2004, appellant, Lynn L. Welch, filed a notice of appeal from an October 1, 2004 judgment of the Lake County Court of Common Pleas, Domestic Relations Division. In that judgment, the trial court found appellant to be in contempt of court and sentenced him to fifteen days in the Lake County Jail. However, appellant was given until April 15, 2005 to purge himself of contempt by paying appellee, Patricia A. Welch, a certain sum of money.
 {¶ 2} On November 4, 2004, appellee filed a motion to dismiss this appeal due to lack of a final appealable order. No response has been filed.
 {¶ 3} In Boltauzer v. Boltauzer (Feb.3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, this court stated:
 {¶ 4} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62; Cooper v. Cooper (1984), 14 Ohio App.3d 327;State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198." Id. at *1.
 {¶ 5} In the present case, the trial court found appellant to be in contempt of court but he was given the opportunity to purge himself of that contempt. Thus, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and an actual imposition of a penalty or sanction. Until that second order is made by the trial court, the issue of contempt is not ripe for review. Simmons v. Simmons (Apr. 21, 1998), 11th Dist. No. 97-T-0128. Memorandum Opinion.
 {¶ 6} Accordingly, appellee's motion to dismiss this appeal is hereby granted.
 {¶ 7} Appeal dismissed.
Grendell, J., Rice, J., concur.