MEMORANDUM OPINION
{¶ 1} On March 27, 2006, appellant, Todd A. Nelson, filed a notice of appeal from a February 28, 2006 judgment entry of the Geauga County Court of Common Pleas.
 {¶ 2} In the February 28, 2006 judgment entry, the trial court ordered that appellant be adjudged guilty of contempt and sentenced him to ten days in jail. The court further ordered that the jail sentence be suspended provided that appellant purge himself of contempt by paying appellee, Twilah Nelson, effective March 1, 2006, the sum of $500 per month until the debt is paid in full and by paying appellee's attorney's fees in the amount of $2,916 on or before September 1, 2006. It is from that entry that appellant filed his notice of appeal.
 {¶ 3} On June 29, 2006, appellee filed a motion to dismiss the appeal and alleges that the order appealed from is not a final appealable order. Appellee specifically states that when a party is found in contempt, but is given an opportunity to purge himself, the contempt issue is not ripe for review until a finding by the trial court that the party has failed to purge himself and there is an imposition of a penalty or sanction.
 {¶ 4} Appellant filed a brief in opposition to appellee's motion to dismiss on July 6, 2006. In his brief, appellant claims that the February 28, 2006 judgment entry is a final appealable order since the trial court found appellant guilty of contempt and imposed a ten day jail sentence. He posits that even though there was a purge condition attached, the imposition of a jail sentence was made. Appellant also argues that the opportunity to purge expired on March 1, 2006, and that is when the jail sentence took effect.
 {¶ 5} In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, at 1, this court stated:
 {¶ 6} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order.Chain Bike v. Spoke 'N Wheel, Inc. (1979), 64 Ohio App.2d 62;Cooper v. Cooper (1984), 14 Ohio App.3d 327; State ex rel. Doev. Tracy (1988), 51 Ohio App.3d 198."
 {¶ 7} In the case at bar, the trial court found appellant to be in contempt of court and gave him a ten day jail sentence. However, appellant was given the opportunity to purge himself of that contempt by making $500 payments to appellee, effective March 1, 2006, until the debt is paid in full and by paying appellee's attorney's fees on or before September 1, 2006. Therefore, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and an actual imposition of a penalty or sanction.
 {¶ 8} Thus, because there is another order to be entered on the contempt issue, the original citation is not yet final. Until that second order is made by the trial court, the issue of contempt is not ripe for review. Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, at ¶ 5. The contemnor may only appeal after the second order has been entered. In re Stevens (Mar. 19, 1999), 11th Dist. No. 98-T-0002, 1999 WL 1483440, at 2.
 {¶ 9} Based upon the foregoing analysis, appellee's motion to dismiss this appeal is hereby granted.
Appeal dismissed.
Ford, P.J., concurs, O'Neill, J., dissents.