OPINION
{¶ 1} Appellant, Lynn L. Welch, appeals from the trial court's award of summary judgment in favor of appellee, Patricia A. Welch, with respect to her complaint in foreclosure. For the reasons that follow, we affirm.
 {¶ 2} On December 31, 1998, the parties appeared before a magistrate on appellant's counterclaim for legal separation (appellee had withdrawn her complaint for divorce at the time). Addressed at the hearing was the issue of how the parties' property would be divided. To resolve the property division issue, appellant agreed to grant appellee a mortgage on the industrial lots of his business. The mortgage note, which was executed and signed by appellant on December 31, 1998 provided:
 {¶ 3} "For value received, the undersigned, LYNN L. WELCH promises to pay to the order of PATRICIA A. WELCH, the principal sum of $204,000.00, with simple interest from date, at the rate of Ten percent (10%) per annum, on the unpaid balance until paid. The said principal and interest shall be payable at such place as the holder may designate in writing, in monthly installments of $1,000.00 commencing on the 1st day of January, 1999, and on or before the 10th day of each month thereafter until the principal and interest are fully paid, except that the final payment of the principal and interest, if not sooner paid, shall become due and payable on the 1st day of January, 2004."
 {¶ 4} The parties were legally separated by decree on March 30, 1999. The mortgage note which had been executed on December 31, 1998 was memorialized by the court in the separation decree.
 {¶ 5} Evidently, appellant paid $1000 per month beginning on January 1, 1999 through December 2003. In late December 2003, appellant remitted a balloon payment of $144,000 to appellee which appellant believed satisfied the remaining balance on the mortgage.
 {¶ 6} On January 29, 2004, appellee moved the Lake County Court of Common Pleas, Division of Domestic Relations ("Domestic Court") to hold appellant in contempt for failure to pay the property settlement in full. While appellant had paid $204,000 total, this amount did not reflect the 10% per annum interest appellant was obligated to pay by virtue of the signed mortgage note the terms of which were incorporated into the final separation decree. A trial was held on August 30, 2004 and appellant was found in contempt by a judgment entry filed on October 1, 2004 and sentenced to fifteen days in the Lake County Jail, which was suspended based upon his compliance with a purge order mandating full payment by April 15, 2005.
 {¶ 7} In its judgment entry, the Domestic Court determined that the property settlement required appellant to pay interest. Although appellant paid $1,000 per month, his accumulated yearly payment ($12,000) had failed to cover the interest on the principal each year and thus his monthly payments over the course of any given year failed to pay down any of the principal.[1] The domestic court's judgment entry calculated the arrearages that remained and provided appellant the opportunity to purge the contempt by paying the remainder by a specified time. Appellant filed a notice of appeal from this order which this court dismissed for lack of a final appealable order.[2]
 {¶ 8} On January 10, 2005, appellee filed a complaint in foreclosure in the Lake County Court of Common Pleas, General Division ("General Division"). The complaint was based on the mortgage note signed by appellant on December 31, 1998 and incorporated into the trial court's property settlement found in the March 30, 1999 final order of separation. Appellee alleged, pursuant to the Domestic Court's interpretation of its property settlement order (set forth in its October 1, 2004 judgment entry), appellant still owed, at the time of the complaint, $112,000 on the mortgage note. On May 10, 2005, appellee filed her motion for summary judgment. Appellant responded on June 28, 2005. On August 18, 2005 the trial court awarded summary judgment in appellee's favor. Appellant now appeals and raises one assignment of error for our consideration:
 {¶ 9} "The court erred and committed an abuse of discretion in issuing the judgment entry of foreclosure."
 {¶ 10} Given its brevity, appellant's "argument" can be reiterated en masse:
 {¶ 11} "Appellee cannot have it both ways, she cannot assert in the appellate court that Judge Falkowski's domestic relations order was not a final appealable order and simultaneously file a foreclosure action with the civil division seeking foreclosure on the same property.
 {¶ 12} "Although normally a trial courts [sic] decision will not be disturbed absent an abuse of discretion, such a situation exists in this case. An abuse of discretion denotes more than just mere error of law or judgment; rather, implies [sic] that the courts [sic] attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, * * *"
 {¶ 13} We must first point out that the trial court awarded summary judgment in appellee's favor in its judgment entry of foreclosure. It is fundamental that an appellate court reviews a trial court's award of summary judgment using a de novo standard of review, not an abuse of discretion. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336.
 {¶ 14} That said, summary judgment is appropriate under Civ. R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party. Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 15} The moving party bears the initial burden of providing the trial court a basis for the motion and is required to identify portions of the record demonstrating the absence of material issues of fact pertaining to the non-moving party's claim. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden then shifts to the non-moving party to set forth specific facts that would establish a genuine issue for trial. Id. However, the non-moving party may not rest on bald allegations or denials contained in the pleadings; rather, he or she must submit evidentiary material sufficient to create a genuine dispute over material facts at issue. Id.
 {¶ 16} Perhaps more problematic than misstating the standard of review, appellant fails to assert an argument in support of his specified assignment of error. App. R. 16(A)(7) provides:
 {¶ 17} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 18} "* * *
 {¶ 19} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *." Id., see, also, Loc. R. 12(A)(4) (requiring arguments in briefs to be "organized consistently with the Assignments of Error * * *.")
 {¶ 20} In his brief, appellant fails to indicate what appellee is attempting to have "both ways." Moreover, appellant fails to discuss or justify his apparent position that a valid dismissal of an appeal for lack of a final appealable order in a separate domestic order precludes appellee from filing a complaint in foreclosure pertaining to appellant's alleged failure to fulfill his obligations under the mortgage. Appellee's courses of action evince no inconsistency in remedy or procedure. In order to overcome summary judgment, a party must set forth sufficient facts to create a material issue of fact. Even when viewed most strongly in his favor, appellant's brief falls far short of meeting this threshold.[3]
 {¶ 21} Appellant's underwhelming assertions notwithstanding, we are nevertheless obligated to conduct a de novo review of an award of summary judgment. In this spirit, we shall independently consider the judgment of the trial court and determine whether, in relation to the evidence in the record, appellee was entitled to judgment as a matter of law.
 {¶ 22} Some background observations are initially appropriate: As indicated above, prior to appellee's filing of the complaint in foreclosure, she had filed a motion to show cause with the Domestic Court. Various aspects of the record from the contempt proceeding were incorporated by the parties into the record of the foreclosure proceeding. Specifically incorporated were the transcript of proceedings of the contempt action, certain pleadings and documentation utilized by the Domestic Court in arriving at its decision regarding the amount of appellant's arrearages, and the Domestic Court's October 1, 2004 judgment entry holding appellant in contempt.
 {¶ 23} With respect to the nature and amount of arrearage remaining on the mortgage (executed on December 31, 1998 and incorporated into the March 30, 1999 separation decree), the Domestic Court stated:
 {¶ 24} "* * * on the principle sum of $204,000.00, the interest is $20,400 per year so long as the principal sum remains unpaid, as occurred in years 1999, 2000, 2001, 2002, and 2003.
 {¶ 25} "For the above mentioned years, Husband's monthly payment of $1,000.00 did not even satisfy the annual interest charged of $20,400.00. Interest in arrears of $8,400.00 accrued for each of the years.
 {¶ 26} "For 2003, Husband made his monthly payments of $1,000.00 plus a payment of $144,000.00 on December 31, 2003. As a result, Husband paid $12,000.00 of the $20,400.00 interest due for 2003, leaving a balance of $8,400.00. Husband's $144,000.00 payment paid the entire accrued interest charge of $42,000.00 plus reduced the principal amount due to $102,000.00 as of January 1, 2004. The annual simple interest due of 10% is $10,200.00 on $102,000.00. Accordingly, Husband owes Wife the total sum of $112,200.00 as of trial."
 {¶ 27} In drawing the foregoing conclusions, the Domestic Court interpreted and enforced its original order. After appellant failed to pay the arrearage, appellee filed her complaint in foreclosure. From the state of the record before this court, the trial judge based his award of summary judgment upon the Domestic Court's delineation of its legal separation decree and the mortgage on which the property division was premised. We see no error in the trial court's determination.
 {¶ 28} Furthermore, in appealing the instant judgment in foreclosure, appellant is also challenging the findings of the Domestic Court regarding the nature and amount of interest owed (past and current) on the principal amount remaining on the mortgage. That is, the General Division relied on the Domestic Court's interpretation of the original separation order which found appellant owed interest at 10% per annum on the principal from the date of signing the mortgage note. Because we affirm the General Division's award of summary judgment, we believe there is no error in the Domestic Court's order enforcing the interest and the amount at which it arrived.
 {¶ 29} Appellant's sole assignment of error is overruled.
 {¶ 30} For the reasons set forth above, the judgment entry of the Lake County Court of Common Pleas is hereby affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] Although discussed in greater detail infra, it will be useful to provide a basic adumbration of the domestic court's determination: Because appellant owed $204,000, he was required to pay interest of $20,400 per year on that amount, i.e., 10% per annum. By paying only $12,000 per year appellant failed to pay the amount of interest which had accrued each year on the principal and therefore failed to pay down any of the principal until his balloon payment in late 2003. However, because a portion of the balloon payment went to payment of the remaining unpaid interest, the principal was only partially reduced.
[2] In Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, this court dismissed appellant's appeal from the domestic court's order of contempt. In so doing, we observed an order of contempt consists of the finding of contempt and the imposition of a sanction. Because the trial court had not imposed its sanction (owing to the purge provision), the second element of contempt was not met. Hence, the order was neither final nor appealable. Id. at ¶ 5.
[3] In motion in opposition to appellee's motion for summary judgment, appellant sets forth the same opaque assertions as those in his brief.