MEMORANDUM OPINION
{¶ 1} On October 25, 2006, appellant, Thomas W. Sloe, filed a notice of appeal from a September 25, 2006 entry of the Geauga County Court of Common Pleas.
 {¶ 2} In the September 25, 2006 judgment entry, the trial court found appellant guilty of contempt and ordered him to serve thirty days in jail. The court further ordered that the jail sentence be suspended provided that appellant purge himself of contempt by ceasing to engage in the performance of auto body work on the premises, by removing the junk motor vehicles which are visible and not screened from the public road, by clearly making any parking spaces located on the property, by removing all vehicles parked less than thirty feet from the road right of way and by removing all vehicles currently stored onsite on the premises. The trial court ordered that appellant perform the purge conditions within thirty days of the final entry of the matter. It is from that entry that appellant filed his notice of appeal.
 {¶ 3} On December 8, 2006, appellee filed a motion to dismiss the appeal and alleges that the order appealed from is not a final appealable order. Appellee specifically states that when a party is found in contempt, but is given an opportunity to purge himself, the contempt issue is not ripe for review until there is a finding by the trial court that the party has failed to purge himself and there is an imposition of a penalty or sanction.
 {¶ 4} Appellant filed a brief in opposition to appellee's motion to dismiss on December 18, 2006. In his brief, appellant claims that the September 25, 2006 judgment entry is a final appealable order since the trial court found appellant guilty of contempt and imposed a thirty day jail sentence. He posits that the suspension of the sentence by the future performance of the purge conditions is merely a condition subsequent which will satisfy the judgment.
 {¶ 5} In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, at1, this court stated:
 {¶ 6} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62; Cooper v. Cooper (1984), 14 Ohio App.3d 327;State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198."
 {¶ 7} Here, the trial court found appellant to be in contempt of court and gave him a thirty day jail sentence. However, appellant was given the opportunity to purge himself of that contempt by ceasing to engage in the performance of auto body work on the premises, removing the junk motor vehicles that are visible and not screened from the public road, clearly making any parking spaces located on the property, removing all vehicles parked less than thirty feet from the road right of way and removing all vehicles currently stored onsite on the premises. Therefore, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and an actual imposition of a penalty or sanction.
 {¶ 8} Thus, because there is another order to be entered on the contempt issue, the original citation is not yet final. Until that second order is made by the trial court, the issue of contempt is not ripe for review. Welch v. Welch, 11th Dist. No. 2004-L-178,2005-Ohio-560, at ¶ 5. The contemnor may only appeal after the second order has been entered. In re Stevens (Mar. 19, 1999), 11th Dist. No. 98-T-0002, 1999 WL 1483440, at 2.
 {¶ 9} Based upon the foregoing analysis, appellee's motion to dismiss this appeal is hereby granted.
 {¶ 10} Appeal dismissed.
DONALD R. FORD, P.J.,
CYNTHIA WESTCOTT RICE, J.,
concur.