MEMORANDUM OPINION
{¶ 1} On April 18, 2007, appellant, Irl D. Rubin, filed a notice of appeal from a March 21, 2007 entry of the Geauga County Court of Common Pleas, Probate Division.
 {¶ 2} In the March 21, 2007 judgment entry, the trial court found appellant in contempt of court for failing to comply with the order that he pay $ 10,000 back into the estate that was paid out of the estate without prior authorization from the court. The trial court also ordered that appellant be committed to the Geauga County Safety Center for *Page 2 
thirty days. The court further ordered that the commitment be suspended on the condition that appellant purge himself of the contempt by reimbursing the estate $ 10,000 as previously ordered by May 1, 2007. It is from that entry that appellant filed his notice of appeal.
 {¶ 3} In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, at 1, this court stated:
 {¶ 4} "Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62; Cooper v. Cooper (1984), 14 Ohio App.3d 327;State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198."
 {¶ 5} In the case at bar, the trial court found appellant to be in contempt of court and gave him a thirty day commitment to the Geauga County Safety Center. However, appellant was given the opportunity to purge himself of that contempt by reimbursing the estate $ 10,000 by May 1, 2007. Therefore, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and the imposition of a immediate penalty or sanction.
 {¶ 6} Hence, because there is another order to be entered on the contempt issue, the original citation is not yet final. Stated differently, until a second order is entered by the trial court, the issue of contempt is premature and not ripe for review. Welch v.Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, at ¶ 5. The contemnor may file an appeal after the second order has been made by the lower court. In re Stevens (Mar. 19, 1999), 11th Dist. No. 98-T-0002,1999 WL 1483440, at 2. *Page 3 
 {¶ 7} Based upon the foregoing analysis, this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.
 {¶ 8} Appeal dismissed.
 DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1