MEMORANDUM OPINION
{¶ 1} On March 26, 2007, appellant, Gary A. Green, filed a notice of appeal from a March 20, 2007 entry of the Portage County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} The March 20, 2007 judgment entry is captioned as "Commitment Notice" and indicates that appellant was sentenced. The entry also indicates that "[a] Journal Entry from this Court will be forthcoming." Subsequently, a judgment was issued by the *Page 2 
trial court on April 10, 2007, which found appellant to be in willful contempt of court and awarded judgment on the arrearage to appellee, Charlene L. Green, in the amount of $28,672.31, and in the amount of $782.76 to the Child Support Enforcement Agency as of February 28, 2007. In that entry, the trial court also sentenced appellant to a period of thirty days incarceration in the Portage County Jail. The court further stated that appellant could purge himself of contempt by making a lump sum payment in the amount of $10,000 within fifteen days. It is from that entry that appellant filed his notice of appeal.
 {¶ 3} In Estate of Sheehan, 11th Dist. No. 2007-G-2774,2007-Ohio-2571, at ¶ 4, citing Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, at 1, this court stated:
 {¶ 4} "`Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62 * * *.'"
 {¶ 5} In the instant matter, the trial court awarded judgment on the arrearage to appellee in the amount of $28,672.31, and in the amount of $782.76 to the Child Support Enforcement Agency. The court also ordered appellant to serve a period of thirty days incarceration, but he could purge himself of contempt by making a lump sum payment in the amount of $10,000 within fifteen days. Therefore, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and an imposition of an immediate penalty or sanction. *Page 3 
 {¶ 6} Hence, because there is another order to be entered on the contempt issue, the original citation is not yet final. Until a second order is entered by the trial court, the issue of contempt is not ripe for review. Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, at ¶ 5. The contemnor may only file a notice of appeal after the second entry has been made by the trial court. See Sheehan, supra, at ¶ 6.
 {¶ 7} Based upon the foregoing analysis, this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.
 {¶ 8} Appeal dismissed.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1