OPINION *Page 2 
{¶ 1} The defendant-appellant, Julie A. Heckathorn, now known as Julie A. Howell, appeals the judgment of the Stark County Common Pleas Court, Domestic Relations Division, finding her in contempt.
 {¶ 2} The parties' divorce was instituted on September 19, 1997. During the marriage, three minor children were born to the parties. On December 16, 1997, the trial court filed a decree of divorce. The trial court attached the parties' separation agreement and shared parenting plan to the decree of divorce and incorporated both agreements as part of its final order. Subsequent modifications were made to the shared parenting plan, the last of which was filed by the trial court on November 28, 2005. The following day, the trial court filed a hand written judgment entry indicating that the parties' issues had been settled, and that their agreement had been "approved as presented." At the top of the November 29, 2005 judgment entry, the court marked a box indicating that the parties had been served in open court.
 {¶ 3} In the November 28, 2005 judgment entry, the parties included paragraph 15, which stated:
 The Defendant shall reimburse Steve Heckathorn the sum of $425.56 for past medical and school expenses paid with respect to Corey, and $158.12 with respect to similar expenses for the minor child Steven. The total reimbursement, in the sum of $583.68, shall be repaid by the Defendant to the Plaintiff in the *Page 3 sum of not less than $100.00 per month, payable on or before the 10th day of each month beginning with the month of December, 2005 and continuing thereafter until paid in full. In the event the Defendant receives any income tax refund as a result of her ability to claim the minor children for Earned Income Credit purposes for tax year 2005, she shall utilize said tax refund to pay any remaining reimbursement owed in full * * * .
 {¶ 4} Although the typed entry appears as above, the dollar amounts had been altered by hand. The $158.12 owed for Steven's expenses had been changed to $150.62, and the total amount due of $583.68 had been changed to $576.18. After both alterations appear the initials "rlf," which are presumably Steve's attorney's initials. The entry was signed by the judge, Steve, and Steve's attorney, Richard L. Fox. There were also signature lines for Julie, Julie's attorney, Jason P. Reese, and the guardian ad litem, John R. Frank. However, on each of those signature lines is the handwritten phrase "see facsimile approval attached."
 {¶ 5} Attached to the judgment entry was a child support computation worksheet, and then a facsimile copy of the parties agreed judgment entry. However, on the attached copy, paragraph 15 states:
 The Defendant shall reimburse Steve Heckathorn the sum of $425.56 for past medical and school expenses paid with respect to Corey, and $158.12 with respect to similar expenses for the minor child Steven. The total reimbursement, in the sum of $583.68, shall be repaid by the Defendant to the Plaintiff in the sum of not less than $100.00 per month, payable on or before the 10th day of each month beginning with the month of December, 2005 and continuing thereafter until paid in full. In the event the Defendant receives any income tax refund as a result of her ability to claim the minor children for Earned Income Credit *Page 4 purposes for tax year 2005, she shall utilize said tax refund to pay any remaining reimbursement owed in full * * *.
At the end of the paragraph, the following statement was handwritten in blue ink, "Defendant is unaware of the accuracy of Plaintiff's claimed expenses. Therefore, Defendant will pay 50% of medical expenses for children upon receipt of physician's billing statements." To the right of this statement appear the initials, "JAH," "JPR," and "RLF." The initials apparently belong to Julie A. Howell, Jason P. Reese, and Richard L. Fox, respectively. At the bottom of the page, it appears that Julie and her attorney, Jason Reese, signed the signature lines above their printed names.
 {¶ 6} On February 15, 2006, Steve filed a motion for contempt against Julie. In his motion, Steve alleged that Julie had failed to make any payment to him as required by paragraph 15 of the agreed judgment entry, which had been adopted by the trial court. The contempt motion and summons were properly served on Julie, and on April 6, 2006, the trial court held a show cause hearing. At the hearing, the trial court stated that it wished to begin with statements from counsel and Julie, who was unrepresented. Plaintiff's counsel made a statement, and then Julie made her statement. In her statement to the court, Julie indicated that the agreement filed on November 28, 2005 was not the agreement she entered into. She told the court that she had made handwritten changes to paragraph 15 of *Page 5 
the agreement and faxed those changes to Fox's office. Julie stated that via her handwritten changes, she agreed to pay only 50% of medical bills. After hearing the parties' statements, the trial court stated:
 It's my understanding that this entire matter was settled and now you've tried to quibble out of it with some, I mean how do you enter into an agreement and then say well everything that I gave up in this agreement (inaudible). That was not my understanding. You owe this money. $576.18 [the amount of the handwritten alteration made to paragraph 15 and initialed with the letters "rlf"] plus now $250 in attorney's fees for having to come in here today. * * * The only reason you're not going to jail today is because there's some semblance of (inaudible) confusion about this. But give me a sentencing date in about two months. * * * You need to appear or warrant will issue and if you don't have $576.18 plus $250 paid on that day, I'm going to put you in jail. Guaranteed.
The trial court reduced its orders to writing, although the original judgment entry was not included in the physical record. Instead, a photocopy of the hand written judgment entry is docketed at document number 163 on the record.
 {¶ 7} On June 16, 2006, the trial court filed a judgment entry indicating that Julie had paid $576.18, plus $250. The judgment entry indicated that the contempt finding was purged. Julie appeals the judgment of the trial court, asserting one assignment of error for our review: *Page 6 
 Assignment of Error The trial court erred in finding the appellant to be in contempt in violation of an "agreed entry" due to the fact that the terms of the entry did not accurately reflect the agreement.
 {¶ 8} Initially, the parties dispute whether Julie has appealed a final, appealable order. Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64. The Fifth Appellate District, and others, have held that a contempt finding is not final until 1) the trial court finds the alleged contemnor in contempt, and 2) the trial court imposes sanctions.Check v. Rossetti, 5th Dist. No. 2004-CA-00332,2005-Ohio-3463, at ¶ 3-4. See also EMC Mtge. Corp. v. Pratt, 10th Dist. No. 07AP-214, 2007-Ohio-4669; Green v.Green, 11th Dist. No. 2007-P-0024, 2007-Ohio-3476, at ¶ 4-6; Carroll Cty. Bur. Of Support v. Brill, 7th Dist. No. 05-CA-818, 2005-Ohio-6788, at ¶ 22. However, as to purge conditions, the courts are apparently divided. In Green, the Eleventh Appellate District held that even though the trial court found the appellant in contempt and had ordered the appellant to serve a specific period of incarceration, since the court allowed the appellant time to purge the contempt finding, the order was not final and appealable. *Page 7 
 {¶ 9} However, the Fifth Appellate District has held that the finding of contempt coupled with the imposition of a specified period of incarceration is a final order, even if the trial court provides Appellant the opportunity to purge. Peterson v. Peterson, 5th Dist. No. CT2003-0049, 2004-Ohio-4714, at ¶ 3; 8. The court reasoned that the trial court's judgment, finding the appellant in contempt and imposing jail time met both conditions of a final order, that is, the trial court had made a finding of contempt and had imposed sanctions. Provided the appellant failed to purge the contempt, any subsequent judgment ordering the appellant to serve jail time would be merely the execution of sanctions rather than the imposition of sanctions. Id. at ¶ 8.
 {¶ 10} Consistent with both Check and Peterson, we hold that the order appealed from in this case is not a final, appealable order. The trial court's judgment entry merely found Julie in contempt and ordered a subsequent hearing for sentencing. Although the trial court threatened Julie with jail time at the April 6, 2005 hearing, the judge did notimpose jail time. Unlike Peterson, where the court had already ordered a specific period of incarceration, which was conditioned on Peterson's ability to purge, in this case, no period of incarceration was specified. Therefore, the subsequent sentencing hearing would have been for *Page 8 
the imposition of sanctions, rather than for the mere execution of sanctions. Accordingly, we must dismiss the appeal for lack of jurisdiction.
Appeal dismissed.
 ROGERS, P.J., and PRESTON, J., concur.
 (ROGERS, P.J., PRESTON and WILLAMOWSKI, JJ., of the Third AppellateDistrict, sitting by assignment in the Fifth Appellate District.) *Page 1