MEMORANDUM OPINION
{¶ 1} On August 7, 2008, appellant/cross-appellee, Barbara Moser, filed a notice of appeal from a July 17, 2008 entry of the Portage County Court of Common Pleas, Domestic Relations Division. Appellee/cross-appellant, Terrance L. Moser, filed his appeal on August 18, 2008. *Page 2 
 {¶ 2} As part of the July 17, 2008 judgment entry, the trial court granted Barbara's motion to show cause regarding the KM Land Development Note and held Terrance in willful contempt of court. The court determined that Barbara had been damaged and awarded her judgment in the amount of $269,045, plus interest. The court sentenced Terrance to 180 days in jail. The trial court also awarded Barbara $100,972 for past due property settlement payments and ordered Terrance to pay $31,549 as her share of three lots, $2,500 for improperly paid commission on the sale of a fourth lot, and attorney fees in the amount of $21,747. The court further ordered that Terrance may purge himself of the contempt to avoid the 180 days in jail by making certain payments to Barbara. The trial court also indicated that a hearing on the purge condition is scheduled for November 12, 2008, to determine if the sentence should continue to be stayed or should be immediately imposed.
 {¶ 3} In Estate of Sheehan, 11th Dist. No. 2007-G-2774,2007-Ohio-2571, at ¶ 4, citing Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 WL 1692963, at 1, this court stated:
 {¶ 4} "`Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62 * * *.'" See, also, Green v. Green, 11th Dist. No. 2007-P-0024, 2007-Ohio-3476.
 {¶ 5} Here, the trial court stated that a hearing on the purge conditions is set for November 12, 2008. Since the court may modify or change its mind on the imposition of the sentence, the contempt order is not final. There is no indication that there can be *Page 3 
an execution of the judgment. Because there is another order to be entered on the contempt issue, the original citation is not yet final. Until a second order is entered by the trial court, the issue of contempt is not ripe for review. Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, at ¶ 5. The contemnor may only file a notice of appeal after the second entry has been made by the trial court. SeeSheehan, supra, at ¶ 6. There is no final appealable order as to the cross-appeal because the trial court leaves an opportunity for the contempt to be modified at the November hearing.
 {¶ 6} Based upon the foregoing analysis, the cross-appeal is hereby, sua sponte, dismissed for lack of a final appealable order. However, the appeal filed by Barbara can proceed.
 {¶ 7} Cross-appeal dismissed.
CYNTHIA WESTCOTT RICE, J., concurs, MARY JANE TRAPP, J., concurs in judgment only. *Page 1