OPINION
{¶ 1} Appellants, Murray A. Miller ("Murray"), Sam H. Miller ("Sam H."), and Trumbull Industries, Inc. ("Trumbull Industries"), appeal from the July 24, 2008 judgment *Page 2 
entry of the Trumbull County Court of Common Pleas, finding Trumbull Industries in contempt.
 {¶ 2} On February 24, 2003, appellants, Murray and Sam H., as shareholders, directors, and/or officers of Trumbull Industries, filed a complaint for injunctive relief and damages against appellees, Sam M. Miller ("Sam M.") and Daniel R. Umbs ("Umbs").[1]
 {¶ 3} According to the complaint, Jacuzzi, Inc. ("Jacuzzi") entered into a contract with Briggs in 2002, in which Briggs would supply plumbing products to Jacuzzi. Umbs negotiated the Jacuzzi contract on behalf of Briggs. Sometime later in 2002, Umbs negotiated a contract to sell plumbing products to Jacuzzi on terms more favorable than those in the contract between Briggs and Jacuzzi.
 {¶ 4} Sam M. became involved with Umbs in his efforts to sell plumbing products to Jacuzzi, which came to be known as "Private Brand." It was alleged that this involvement was not disclosed to appellants until December 4, 2002. Apparently, Sam M. informed appellants and shareholders of Trumbull Industries, by memo, of a "business opportunity" involving the operation of a business that would private brand plumbing and related products for sale to manufacturers and possibly other wholesalers, including Jacuzzi. Sam M. called this business opportunity the "Brand Company" project. Appellants immediately objected and demanded that Sam M. cease and desist his involvement. However, appellants allege in their complaint that Sam M. did not comply but rather has been actively involved with Umbs in the Brand Company project. *Page 3 
 {¶ 5} On February 10, 2003, Briggs filed a lawsuit in the United States District Court, District of South Carolina, against Umbs. At that time, appellants allege that they discovered that Umbs had purportedly been acting on behalf of Trumbull in his dealings with Jacuzzi.
 {¶ 6} On April 28, 2003, appellees filed an answer to the complaint.[2]
 {¶ 7} On June 17, 2003, Sam M. filed a motion to compel appellants to repay and reimburse to Trumbull Industries all attorney fees and expenses.
 {¶ 8} On March 1, 2004, appellants filed a motion for default judgment and/or sanctions. Appellees filed a response on March 19, 2004. The trial court denied appellants' motion for default judgment on April 15, 2004.
 {¶ 9} Appellants filed a motion for sanctions on April 19, 2004. Appellants filed another motion, entitled "Motion for Sanctions (Default Judgment)," on November 5, 2004. On December 6, 2004, appellees filed a memorandum in opposition to appellants' motion for sanctions.
 {¶ 10} A hearing commenced before the magistrate on December 6, 2004.
 {¶ 11} Appellees filed a motion for summary judgment on September 7, 2005. On October 3, 2005, appellants filed a memorandum in opposition. Appellees filed a reply on October 18, 2005.
 {¶ 12} A hearing was held on appellants' "Motion for Sanctions (Default Judgment)" on December 19, 2005.
 {¶ 13} Pursuant to his decision, the magistrate determined that appellants' motion was well-taken in part. The magistrate indicated that appellees shall reimburse appellants for their reasonable and necessary attorney fees and expenses. Also, the magistrate *Page 4 
determined that Umbs is entitled to summary judgment in his favor as a matter of law on those claims by appellants for usurpation of a business opportunity and breach of fiduciary duty. As to all other claims, the magistrate indicated that appellees' motion for summary judgment is denied.
 {¶ 14} On December 15, 2006, appellees filed a motion for declaratory judgment on the issue of legal fees. Also on that date, appellants filed a motion for declaratory judgment on the issue of appellees' right to indemnification of attorney fees.
 {¶ 15} Pursuant to its January 22, 2007 judgment entry, the trial court determined that Sam M. is entitled to have his attorney fees reimbursed from time to time by Trumbull Industries subject to his reimbursement obligations under the corporate charter. The trial court further ordered that appellants are entitled to have their attorney fees funded by Trumbull Industries subject to the risk of reimbursement to Trumbull Industries under the law.
 {¶ 16} On February 6, 2007, Sam M. filed a motion for reconsideration and request for clarification of the trial court's January 22, 2007 judgment entry, which was denied by the trial court on May 18, 2007. It was from that judgment that Sam M. filed a notice of appeal with this court, Case No. 2007-T-0065, to which appellants filed a cross-appeal. On October 1, 2007, this court dismissed the appeal and cross-appeal due to lack of a final appealable order. Miller v. Miller, 11th Dist. No. 2007-T-0065, 2007-Ohio-5212.
 {¶ 17} On February 12, 2008, appellants filed a motion for reconsideration and request for clarification with respect to the trial court's judgment entry regarding the right to indemnification of attorney fees entered January 22, 2007 and its May 18, 2007 judgment entry. On April 18, 2008, Sam M. filed an opposition to appellants' motion for *Page 5 
reconsideration, as well as a motion for the trial court to clarify its January 27, 2007 judgment entry.
 {¶ 18} Pursuant to its June 30, 2008 judgment entry, the trial court ordered Trumbull Industries to pay Sam M.'s attorney fees and costs incurred from March 25, 2008. It indicated that all of Sam M.'s attorney fees incurred before March 25, 2008 shall be paid in accordance with the January 22, 2007 order.
 {¶ 19} On July 17, 2008, appellants' counsel sent the trial court a letter, indicating its refusal to abide by the court's June 30, 2008 order to pay Ulmer and Berne's invoices.
 {¶ 20} On July 24, 2008, Sam M. filed a motion for the trial court to reconsider or clarify its January 22, 2007 order as it applies to the $240,000 that he was required to pay back to Trumbull Industries and to Ulmer and Berne's invoices through March 24, 2008.
 {¶ 21} A hearing was held on July 24, 2008.
 {¶ 22} Pursuant to its July 24, 2008 judgment entry, the trial court found Trumbull Industries in contempt of its January 22, 2007 judgment. The trial court allowed Trumbull Industries to purge itself of contempt by paying all amounts due for the legal bills incurred on behalf of Sam M. in the amount of $138,972.51 by 3:00 p.m. on July 24, 2008. In the event that Trumbull Industries failed to purge itself of contempt by the specified date and time, the trial court indicated that it would impose a sanction against Trumbull Industries in the amount of $5.00 per business day commencing July 25, 2008. It is from that judgment that appellants filed a timely notice of appeal and make the following assignment of error for our review:[3]
 {¶ 23} "The trial court abused its discretion when it ruled that Trumbull Industries must indemnify Sam M. Miller for his attorney fees." *Page 6 
 {¶ 24} In their sole assignment of error, appellants argue that the trial court abused its discretion when it ruled that Trumbull Industries must indemnify Sam M. for his attorney fees.
 {¶ 25} Before we address appellants' assignment of error, we must determine whether the July 24, 2008 judgment entry is a final appealable order.
 {¶ 26} "In Boltauzer v. Boltauzer (Feb. 3, 1995), 11th Dist. No. 94-L-155, 1995 Ohio App. LEXIS 6119, * * *, at 1, this court stated:
 {¶ 27} "`Ohio courts have repeatedly held that contempt of court consists of two elements. The first is a finding of contempt, and the second is the imposition of a penalty or sanction. Until both have been made, there is no final order. Chain Bike v. Spoke `N Wheel, Inc.
(1979), 64 Ohio App.2d 62 * * *; Cooper v. Cooper (1984),14 Ohio App.3d 327 * * *; State ex rel. Doe v. Tracy (1988), 51 Ohio App.3d 198 * * *.'"Machnics v. Sloe, 11th Dist. No. 2006-G-2739, 2007-Ohio-121, at ¶ 5-6. (Parallel citations omitted.) See, also, Nelson v. Nelson, 11th Dist. No. 2006-G-2696, 2006-Ohio-4944; Green v. Green, 11th Dist. No. 2007-P-0024, 2007-Ohio-3476; Moser v. Moser, 11th Dist. No. 2008-P-0071,2008-Ohio-5860.
 {¶ 28} In the case at bar, the trial court found Trumbull Industries to be in contempt of court. In the July 24, 2008 judgment entry, Trumbull Industries was given the opportunity to purge itself of contempt by paying all amounts due for the legal bills incurred on behalf of Sam M. in the amount of $138,972.51 by 3:00 p.m. on July 24, 2008. However, the entry reveals a time stamp of 3:37 p.m. Thus, it is illogical that a citation for contempt can properly be predicated on the failure to perform due to the fact that the order was journalized thirty-seven minutes after the 3:00 p.m. cut-off purge opportunity. *Page 7 
 {¶ 29} The trial court went on to state in its judgment entry thatin the event Trumbull Industries fails to purge itself of contempt, it would impose a sanction of a fine in the amount of $5. per business day beginning on July 25, 2008. Here, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge itself and an actual imposition of a penalty or sanction. The manner in which the July 24, 2008 entry is written improperly makes the judgment go into perpetuity.
 {¶ 30} Thus, because there is another order to be entered on the contempt issue, the original citation is not yet final. Until that second order is made by the trial court, the issue of contempt is not ripe for review. Machnics, supra, at ¶ 8, citing Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, at ¶ 5. The contemnor may only appeal after the second order has been entered. Machnics, supra, at ¶ 8, citing In re Stevens (Mar. 19, 1999), 11th Dist. No. 98-T-0002, 1999 Ohio App. LEXIS 1076, at 2.
 {¶ 31} In addition, we note that at oral argument, counsel for Trumbull Industries made reference to and relied upon Smith v. ChesterTwp. Bd. of Trustees (1979), 60 Ohio St.2d 13, and People ex rel.Hawthorne v. Hamilton (1973), 9 Ill. App.3d 551, for the proposition that where a non-appealable interlocutory order results in a judgment of contempt, including fine or imprisonment, such a judgment is final and appealable.
 {¶ 32} The contempt entry in the instant matter, however, does not rise to one of finality. Pursuant to the record before us, again, there has been no finding by the trial court that the contemnor has failed to purge itself and an actual imposition of a penalty or sanction.
 {¶ 33} Based upon the foregoing analysis, the July 24, 2008 judgment is not final and appealable. *Page 8 
 {¶ 34} Appeal dismissed.
DIANE V. GRENDELL, J., concurs,
TIMOTHY P. CANNON, J., dissents with Dissenting Opinion.
[1] Trumbull Industries sells plumbing supplies, including vitreous china. Two sets of cousins own Trumbull Industries' common stock: brothers Murray and Sam H. comprise one set and brothers Sam M. and Ken Miller comprise the other set. Sam M. is the sole trustee of the Samuel M. Miller Revocable Living Trust, which owns twenty-five percent of the outstanding voting shares of Trumbull Industries. Sam M. is Vice President of Sales and Marketing of Trumbull Industries and serves as the company's plumbing products manager. Umbs is the former president of Briggs Plumbing Products, Inc. ("Briggs"), a supplier to Trumbull Industries.
[2] Appellants later filed numerous amended complaints.
[3] The matter was stayed by the trial court pending appellate review of the contempt citation.