[Cite as *Slish v. Slish*, 2012-Ohio-1517.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STEPHANIE SLISH | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00080 |
| JOHNNIE A. SLISH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:　　　Appeal from the Stark County Court of
　　　　　　　　　　　　　　　　Common Pleas, Domestic Relations
　　　　　　　　　　　　　　　　Division, Case No. 2005DR1457


JUDGMENT:　　　　　　　　　　　AFFIRMED


DATE OF JUDGMENT ENTRY:　　　March 29, 2012


APPEARANCES:

For Appellant:

JOHNNIE A. SLISH, pro se
P.O. Box 80311
Canton, OH 44708

For Appellee:

RAYMOND T. BULES
JILL C. MCQUEEN
DAY KETTERER, LTD.
Suite 300, Millennium Center
200 Market Ave. N.
Canton, OH 44702

*Delaney, J.*

{¶1} Defendant-Appellant Johnnie A. Slish appeals the March 16, 2011 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Appellee were married on May 10, 2003. One child was born as issue of the marriage. Appellant filed for divorce on November 21, 2005. On March 10, 2006, the trial court granted the Decree of Divorce, which included the parties' Separation Agreement and Shared Parenting Plan.

{¶3} Under the Shared Parenting Plan, neither party was ordered to pay child support nor was either party designated as the residential parent for school purposes.

{¶4} Pursuant to the Separation Agreement, Appellant was required to pay in full an unsecured joint KeyBank line of credit, without contribution from Appellee. Appellant was also required to refinance the line of credit within one year of the Separation Agreement to remove Appellee from liability on the loan.

{¶5} When the child reached school age, Appellee moved the trial court to designate her as the residential parent. In 2008, Appellee filed a Motion to Modify Shared Parenting Plan, Motion to Modify Parental Rights and Responsibilities, and Motion to Terminate Shared Parenting Plan. Appellant filed a Motion for Custody on November 17, 2008. The motions were heard by the magistrate.

{¶6} On December 29, 2009, the magistrate issued a decision granting Appellee's motions. The magistrate's decision terminated the Shared Parenting Plan, designated Appellee as the residential parent and legal custodian, and established a

child support obligation to be paid by Appellant. At the time of the decision, Appellant claimed he was self-employed with a home improvement business. Appellant was ordered to pay child support in the amount of $314.70 per month, starting January 1, 2010.

{¶7} Both parties filed objections to the magistrate's decision. After a hearing on the objections, the trial court adopted the magistrate's decision on March 8, 2010.

{¶8} Appellant filed an appeal of the March 8, 2010 judgment entry. Appellant did not file an appellate brief and this court dismissed the appeal for want of prosecution.

{¶9} Appellee filed a Motion to Show Cause on May 3, 2010. In her motion, Appellee requested an Order requiring Appellant to appear and show cause as to why he should not be held in contempt for his failure to pay in full the KeyBank line of credit, remove Appellee from the KeyBank line of credit, and his failure to pay child support.

{¶10} The Guardian ad Litem also filed a Motion to Show Cause on July 30, 2010 for Appellant's failure to pay guardian fees.

{¶11} Appellant filed a Notice of Bankruptcy on September 3, 2010 and the trial court issued a Suggestion of Stay on September 7, 2010.

{¶12} On November 17, 2010, the trial court set the show cause motion for hearing on February 3, 2011. Appellee filed an Amended Motion to Show Cause on January 25, 201, renewing her May 3, 2010 Motion to Show Cause and adding a claim that Appellant was driving their child while Appellant's driver's license was suspended for his failure to pay child support.

{¶13} An evidentiary hearing was held before the magistrate on February 3, 2011. The GAL's Motion to Show Cause was not brought before the magistrate at that hearing; the magistrate heard arguments only on child support and the KeyBank line of credit. (Feb. 3, 2011 Hearing, T. 3.)

{¶14} Mary Hall of the Stark County Child Support Enforcement Agency testified Appellant has not paid his child support obligation since it became effective on January 1, 2010. *Id.* at 5. As of December 31, 2010, Appellant owed $3,776.40 for child support and $75.48 for processing fees. *Id.* Appellant testified he was currently unemployed because his construction business closed in November 2009. *Id.* at 24. Appellant applied for work, but could not get a job due to the economy and Appellant's lack of a driver's license. *Id.* at 24. Appellant filed bankruptcy, which discharged his debt. *Id.* at 25. His only debt was his electric bill. *Id.* Appellant was charged with theft in the Massillon Municipal Court and paid restitution in the amount of $3,000 on May 19, 2010. *Id.* at 32. Appellant testified his mother paid the restitution. *Id.* at 33.

{¶15} As to the KeyBank line of credit, Appellee testified per the Separation Agreement, Appellant was required to pay the line in credit and obtain refinancing on the line of credit to remove Appellee from the obligation. *Id.* at 10. The parties used the line of credit for their personal use while married. *Id.* at 11. The collection department of KeyBank contacted Appellee in the Spring of 2010 for collection on the line of credit. *Id.* Appellee was aware Appellant discharged his liability on the line of credit through his bankruptcy proceeding. *Id.* at 12. Appellant testified he could not obtain refinancing on the line of credit from KeyBank and he now cannot refinance the

line of credit because it has been discharged in bankruptcy. *Id.* at 22. Appellee did not challenge the discharge of the line of credit in bankruptcy court. *Id.* at 17.

{¶16} At the conclusion of the hearing, the magistrate found Appellant in contempt for his failure to pay child support. *Id.* at 40. The magistrate sentenced Appellant to 30 days in jail. *Id.* An imposition hearing before the judge was set on March 16, 2011. The magistrate also awarded Appellee $3,300 in attorney's fees at a rate of $100 per month until paid in full. A magistrate's decision was issued February 8, 2011.

{¶17} Appellant filed objections to the magistrate's decision.

{¶18} A hearing before the judge was held on March 16, 2011. The issues of the GAL fees and the KeyBank line of credit were raised under the question of whether those items could be discharged in bankruptcy. (Mar. 16, 2011 Hearing, T. 9.) In its March 16, 2011 judgment entry, the judge ordered the issue of contempt on the GAL fees and the KeyBank line of credit to be continued until July 6, 2011 pending determination by the Bankruptcy Court as to whether those items were dischargeable in bankruptcy. The trial court approved and adopted the magistrate's recommendation that Appellant be found in contempt for his failure to pay child support. The trial court sentenced Appellant to ten days in jail and suspended twenty days subject to a review hearing on July 6, 2011.

{¶19} It is from this decision Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶20} Appellant's pro se brief does not comply with App.R. 16(A). Among its omissions, Appellant's brief does not contain a statement of the assignments of error.

App.R. 16(A)(3) requires the brief of the appellant to contain a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶21} Appellant makes the following statements in his brief: (1) "[t]he first assignment of error was the guilty charge of the contempt of failure to pay child support;" (2) "[t]he next finding of fact and error of judgment is an old Key Bank Loan written into the divorce decree in March 2006;" and (3) "the next order, is GAL fees that were allowed to be presented during the same trial date."

{¶22} We will consider the above to be Appellant's Assignments of Error.

**ANALYSIS**

*I.*

<u>FINAL APPEALABLE ORDER</u>

{¶23} The first issue we determine is whether the March 16, 2011 judgment entry is a final appealable order.  Appellee's Motion for Show Cause requested a finding of contempt on Appellant's failure to pay child support and Appellant's failure to remove Appellee from the KeyBank line of credit.  The magistrate found Appellant in contempt of his failure to pay child support and sentenced Appellant to 30 days in jail. The trial court approved and adopted the magistrate's decision and sentenced Appellant to 10 days in jail, suspending twenty days pending review on July 6, 2011. The trial court also set a hearing on the KeyBank line of credit issue for July 6, 2011. Because there is a pending matter before the trial court, we must determine whether the March 16, 2011 judgment entry is a final appealable order.

{¶24} Appellate jurisdiction is limited to review of lower courts' final judgments. Ohio Constitution, Article IV, Section 3(B)(2). To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Heckathorn v. Heckathorn*, 5th Dist. No. 2006CA00189, 2007-Ohio-5520, ¶ 8 citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). "In Ohio, the general rule for contempt proceedings is that a judgment of contempt becomes a final appealable order when there is a finding of contempt and the imposition of a penalty." *Home S. & L. v. Avery Place, L.L.C.,* 5th Dist. No. 11 CAE 03 0024, 2011-Ohio-4744, ¶ 17. This court has held that an order which finds a party in contempt and imposes a suspended jail sentence is a final appealable order. *Peterson v. Peterson*, 5th Dist. No. 2003-0049, 2004-Ohio-4714, ¶ 8.

{¶25} We find the March 16, 2011 judgment entry is a final appealable order. The magistrate found Appellant in contempt for his failure to pay child support and sentenced Appellant to 30 days in jail. The trial court approved and adopted the decision, sentencing Appellant to 10 days in jail and suspending 20 days. We find the issue of Appellant's contempt for his nonpayment of child support is ripe for our review.

CONTEMPT

{¶26} We next determine whether the trial court erred in finding Appellant in contempt for his failure to pay child support. An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶27} A contempt finding may be civil or criminal in nature. In *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253-254, 416 N.E.2d 610 (1980), the Supreme Court of Ohio discussed the distinction between civil and criminal contempt as follows:

> While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * *   (Citations omitted.)
>
> *Graber v. Siglock*, Stark App. No.2000CA00176, 2002-Ohio-6177.

{¶28} If a party makes a good faith effort to pay support, contempt is not justified.  *Raleigh v. Hardy*, 5th Dist. No. 08 CA 0140, 2009-Ohio-4829, ¶ 47 citing *Courtney v. Courtney*, 16 Ohio App.3d 329, 475 N.E.2d 1284 (3rd Dist.1984).  The burden to show an inability to pay is on the party being held in contempt.  *Id.* citing *Farrell v. Farrell*, 5th Dist. No. 2008-CA-0080, 2009-Ohio-1341, ¶ 15.

{¶29} We find no abuse of discretion by the trial court to find Appellant in contempt for his failure to pay any child support since it was imposed by the trial court on December 29, 2009. We further find there was no demonstration by Appellant that he made a good faith effort to pay his child support or that he had an inability to pay.

{¶30} Appellant argued during the contempt proceedings the child support calculations were incorrect. Appellant had the opportunity to appeal the child support calculation but failed to file his appellate brief, resulting in the dismissal of his appeal for failure to prosecute. At the time child support was calculated in December 2009, Appellant claimed he was employed. At the contempt hearing, Appellant stated he closed his business in November 2009. A review of the docket shows that Appellant never moved the trial court for a modification of his child support obligations based on his unemployment.

{¶31} Appellant states his inability to pay is based on his unemployment and his lack of a valid driver's license. At the hearing it was shown on May 19, 2010, Appellant paid $3,000 in restitution for his criminal case before the Massillon Municipal Court. On February 3, 2011, Appellant owed $3,776.40 in child support.

{¶32} Upon this record, we find no abuse of discretion by the trial court to find Appellant in contempt for failing to pay child support. Appellant's first Assignment of Error is overruled.

*II., III.*

{¶33} Appellant argues in his second Assignment of Error the trial court erred as to the KeyBank line of credit. In his third Assignment of Error, Appellant contends it was error to allow argument about the GAL fees.

{¶34} The trial court did not rule on Appellee's motion to show cause as to the KeyBank line of credit. The trial court also has not ruled on the July 30, 2010 motion to show cause filed by the GAL. We find these issues are not properly before this court.

{¶35} Accordingly, we overrule Appellant's second and third Assignments of Error.

**CONCLUSION**

{¶36} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER

[Cite as *Slish v. Slish*, 2012-Ohio-1517.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEPHANIE SLISH | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHNNIE A. SLISH | : | |
| | : | |
| | : | Case No. 2011CA00080 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER