[Cite as *State v. Rhoads*, 2011-Ohio-4744.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| LESLIE RHOADS | Case No. 11CAC010005 |
| Defendant - Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court, Case
Nos. 07TRD11391, 03CRB00275,
03TRC02726, and 03CRB00265


JUDGMENT:     Judgment Vacated in Part & Remanded


DATE OF JUDGMENT:     September 15, 2011


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

PETER B. RUFFING                         BRIAN G. JONES
70 North Union Street                     2211 U.S. Highway 23 North
Delaware, OH  43015                       Delaware, OH  43015

*Farmer, P.J.*

{¶1}   In the summer of 2007, appellant, Leslie Rhoads, was charged with one count of obstructing official business in violation of R.C. 2921.31, one count of failure to reinstate her license in violation of R.C. 4510.21, and two counts of driving under suspension in violation of R.C. 4510.037 and 4510.16.   At the time, appellant was on probation for cases from 2003 therefore, she was also charged with violating community control.   On December 27, 2010, appellant pled guilty to the failure to reinstate her license count, and admitted to violating community control.   The remaining charges were dismissed.   By judgment entries filed same date, the trial court sentenced appellant to an aggregate term of seventy days in jail.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}   "THE GUILTY PLEA IN THE INSTANT CASE WAS NOT ENTERED INTO KNOWINGLY."

II

{¶4}   "THE ADMISSION TO THE VIOLATION WAS NOT ENTERED INTO KNOWINGLY."

III

{¶5}   "THE DEFENDANT WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL."

I

{¶6}    Appellant claims her guilty plea to failure to reinstate her license was not voluntarily or knowingly entered into because the Uniform Traffic Citation was inaccurate.  We disagree.

{¶7}    Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily.   Subsection (E), which governs misdemeanor cases involving petty offenses, states, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."  As explained by our brethren from the Seventh District in *State v. Bailes,* Mahoning App. No. 01-CA-224, 2002-Ohio-5217, ¶10:

{¶8}    "Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with its requirements as long as the record reflects that under the totality of the circumstances, the defendant knowingly, intelligently, and voluntarily entered his plea by subjectively understanding the effect of the plea and his rights waived.***A meaningful dialogue between the court and a defendant is required in misdemeanor cases with a possibility of imprisonment.  *State v. Richard* (1996), 113 Ohio App.3d 141, 144, 680 N.E.2d 667."  (Citation omitted).

{¶9}    The following discussion was held during appellant's plea:

{¶10}  "THE COURT: And the other thing, Mr. Ruffing [prosecutor], I think it will be clear maybe for the record, here's what the ticket actually says.  The noncompliance suspension is listed - - they made that the C charge but they have under the complaint 4510.11.  The failure to reinstate is the A charge which is under 16.  And I know what's

going to happen is the clerk will look at this and say, well, the 16's an unclassified misdemeanor, though I think the failure to reinstate takes precedent over the numerical designation.

{¶11} "So if we - - if we can by agreement or I can do it here on my record, amend this to - -

{¶12} "MR. RUFFING: 4511.21? Well, my copy looks like it already did that but, yes.

{¶13} "THE COURT: Maybe there's an amendment in here that I haven't seen.

{¶14} "MR. RUFFING: No, I mean, it looks like somebody overwrote it on the ticket itself. Has the Court seen the ticket itself? It looks like they actually overwrote an 11 with a 2.

{¶15} "THE COURT: It may be, although where they wrote the 2 is next to the noncompliance suspension, it doesn't match. And where they wrote the 16, that was next to the failure to reinstate, so those are flipped.

{¶16} "MR. RUFFING: Well, we would move to amend as necessary, Your Honor.

{¶17} "THE COURT: So basically means that the A charge would be the failure to reinstate which is a straight M1.

{¶18} "MR. BURCHINAL [DEFENSE COUNSEL]: Your Honor, I can't read the copy I got, so. . . That was our intent.

{¶19} "THE COURT: Okay. So, Ms. Rhoads, you are then entering a guilty plea to this charge of driving under suspension, correct?

{¶20} "THE DEFENDANT: Yes. Yes, Your Honor.

{¶21} "THE COURT: Now Ms. Rhoads, do you understand that by doing so, that you're giving up your right to a trial?

{¶22} "THE DEFENDANT: Yes.

{¶23} "THE COURT: This, I know this sounds like a little confusion here about this driving under suspension charge. There are two of them. One's being dismissed and one the plea is being entered into.

{¶24} "But this is a violation of what's called 4510.21 which is a misdemeanor of the first degree. It does carry up to 180 days in jail, up to a $1000 fine or both, and I could suspend your license up to a year; so do you understand the penalty range?

{¶25} "THE DEFENDANT: Yes, I do.

{¶26} "THE COURT: The guilty plea that you're entering, that's a complete admission of your guilt. If I accept the plea, I'm going to move forward with sentence today; do you understand that?

{¶27} "THE DEFENDANT: Yes." T. at 4-6.

{¶28} As indicated, defense counsel indicated the intent was to plea to the "A" charge which was failure to reinstate which was a straight M1. Appellant stated she understood the nature of the charge and the consequences thereof. T. at 5-6. She stated she was "ready to go on with my life." T. at 11.

{¶29} Although there was confusion relative to the citation, it is clear from the record that everyone understood that appellant was entering a guilty plea to the failure to reinstate charge.

{¶30} Upon review, we find appellant's plea was voluntarily and knowingly given.

{¶31} Assignment of Error I is denied.

II

{¶32} Appellant claims her admission to violating community control was not knowingly entered into as the record is unclear as to the actual violations and that she ever admitted to any violations. We agree in part.

{¶33} Within the records of Case Nos. 03TRC02726, 03CRB00265, and 03CRB00275, is a "Notice of Probation Violation/Community Control" filed March 30, 2006. Warrants were issued for appellant and initial appearances were held as well as pretrials on the violations.

{¶34} During the guilty plea hearing, appellant's probation officer testified to appellant being out of Ohio's jurisdiction without permission and failing to pay her public defender fees, as well as the license issue discussed supra. T. at 16-17. It is clear from the back and forth discussion between appellant and the trial court that appellant understood the issue was failing to report to her probation officer. T. at 21-24. She denied not reporting or being out-of-state. T. at 21, 25. The trial court imposed probation violation sentences on appellant's failure to report and not her failure to pay her public defender fees. T. at 25-26.

{¶35} Upon review, we find appellant understood the nature of the probation violations; however she never admitted to them, her trial counsel did:

{¶36} "THE COURT: All right. We're here just going back and looking at the original sentencing entries, we are here on final Community Control violation hearing today, correct, Mr. Burchinal?

{¶37} "MR. BURCHINAL: Correct, Your Honor.

{¶38} "THE COURT: And how does the Defendant wish to proceed?

{¶39} "MR. BURCHINAL: Your Honor, at this time we would admit the violation and just ask to be heard in mitigation.

{¶40} "THE COURT: All right, very good." T. at 13-14.

{¶41} We find defense counsel's admission to violating community control on behalf of appellant was inadequate given appellant's denials to the alleged violations.

{¶42} Assignment of Error II is granted in part.

III

{¶43} Appellant claims she was denied the effective assistance of trial counsel as her counsel did not explain the amended traffic charge to her. We disagree.

{¶44} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶45} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶46} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶47} We find the record does not demonstrate that appellant misunderstood the charge. See, Assignment of Error I. Further, there is no evidence in the record of defense counsel's failure to inform appellant of the nature of the charges.

{¶48} Assignment of Error III is denied.

{¶49} The judgment of the Municipal Court of Delaware County, Ohio is hereby vacated in part and the matter is remanded to said court for further proceedings consistent with this opinion.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ John W. Wise_____


__s/ Julie A. Edwards_____

JUDGES


SGF/sg 824

[Cite as *State v. Rhoads*, 2011-Ohio-4744.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| LESLIE RHOADS | : | |
| Defendant-Appellant | : | CASE NO. 11CAC010005 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is vacated in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant and appellee.

_s/ Sheila G. Farmer_____

_s/ John W. Wise_____

_s/ Julie A. Edwards_____

JUDGES