[Cite as *Avakian v. Avakian*, 2014-Ohio-1777.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| ROGER AVAKIAN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant/ Cross-Appellee, | : | |
| | : | **CASE NO. 2013-P-0081** |
| - vs - | : | |
| | : | |
| SUSAN AVAKIAN, | : | |
| Defendant-Appellee/ Cross-Appellant. | : | |


Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2007 DR 00199.

Judgment: Appeal and cross-appeal dismissed.


*Jonathan A. Rich*, Zashin & Rich Co., L.P.A., 55 Public Square, 4th Floor, Cleveland, OH 44113 (For Plaintiff-Appellant/Cross-Appellee).

*Manav H. Raj*, Rieth, Antonelli & Raj, 1406 West Sixth Street, 2nd Floor, Cleveland, OH 44113 (For Defendant-Appellee/Cross-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} On September 27, 2013, appellant/cross-appellee, Roger Avakian, by and through counsel of record, filed a notice of appeal from an August 30, 2013 entry of the Portage County Court of Common Pleas, Domestic Relations Division.

**{¶2}** In the August 30, 2013 judgment entry, the trial court found appellant in contempt and sentenced him to thirty days in jail. The imposition of the jail sentence was suspended in order to allow appellant an opportunity to purge his contempt by remitting payment to appellee/cross-appellant, Susan Avakian, in the amount of $78,757.56 within sixty days of the entry. It is from that entry that appellant timely filed his notice of appeal.

**{¶3}** The docket in this matter reveals that on November 18, 2013, appellee filed a motion to impose sanctions and enforce the order of August 30, 2013. Appellant filed a motion to stay in the trial court. A hearing on the matter was held on January 6, 2014. On January 13, 2014, the trial court stayed the contempt issue pending the appeal. Therefore, no sentence has been imposed as of yet.

**{¶4}** On January 3, 2014, this court ordered the parties to show cause why this appeal should not be dismissed for lack of a final appealable order. In response to the show cause order, on January 16, 2014, appellee/cross-appellant filed a motion to dismiss appeal and brief in support. In her motion to dismiss, appellee alleges that the order appealed from is not a final appealable order because the necessary elements of contempt have not been satisfied.

**{¶5}** Appellant filed his response to this court's show cause order on January 21, 2014. In response, appellant alleges that the right to an appeal is a property interest and a litigant may not be deprived of that interest without due process of law. On March 20, 2014, appellee filed a supplemental brief in support of her motion to dismiss.

**{¶6}** We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a

trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. No. 2010-T-0131, 2011-Ohio-1299; *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶7} Contempt of court consists of two elements: a finding of contempt and the imposition of punishment. *Kukkonen v. Kukkonen*, 11th Dist. No. 2013-T-0108, 2014-Ohio-978, ¶ 6; *Lundy v. Lundy*, 11th Dist. No. 2011-T-0110, 2012-Ohio-2007, ¶ 3. This court has repeatedly held that an order of contempt is final only after both elements have been satisfied. *Hague v. Hague*, 11th Dist. No. 2008-A-0069, 2009-Ohio-6509, ¶ 23.

{¶8} Here, the trial court found appellant to be in contempt of court, but he was given the opportunity to purge the contempt order. Therefore, the second element of contempt has not occurred. To finalize the order, the trial court must find that the contemnor has failed to purge himself and then actually impose a penalty or sanction. *Nelson v. Nelson*, 11th Dist. No. 2006-G-2696, 2006-Ohio-4944, ¶ 8.

{¶9} Hence, because there is another order to be entered on the contempt issue, the original citation is not yet final. At this point, the contempt order is still conditional and not ripe for review. *Kimani v. Nganga*, 11th Dist. No. 2009-L-160, 2009-Ohio-3796, ¶ 4.

{¶10} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order. Furthermore, the cross-appeal is also dismissed.

{¶11} Appeal and cross-appeal dismissed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.