DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael DiDomenico ("Husband"), appeals the judgment of the Medina Court of Common Pleas, Division of Domestic Relations, which found him in contempt of court, and sentenced him to forty-five (45) days in jail. This Court dismisses the appeal as moot.
 I. {¶ 2} On December 10, 2007, the trial court held a hearing to address "[t]he parties' motions for contempt and [a] full hearing on the ex parte motion to impound." At the conclusion of the hearing, the trial court found Husband "in contempt of Court for withdrawing and dissipating Ms. Didomenico's interest in the Vanguard/Fidelity 401(K)." The trial court sentenced Husband to forty-five (45) days in the Medina County Jail for his contempt. However, the trial court granted Husband seven (7) days to purge the contempt and avoid jail time by either (1) depositing $26,000 with the Medina County Clerk of Courts; or (2) bringing a specific *Page 2 
vehicle, a 1969 Chevelle which Husband claimed was no longer his property, to the Medina County Sheriffs Department to be impounded.
 {¶ 3} On December 19, 2007, a purge hearing was held by the trial court. Less than fifteen (15) minutes before the purge hearing was to start, Husband filed a notice of appeal "from the Order Contempt of Court[.]" In addition, Husband filed a motion to stay the trial court's "Order of Contempt of Court filed December 10, 2007[.]" On the same day, the trial court issued a purge order finding that Husband failed to purge the contempt, and ordered that Husband "shall serve forty-five days in the Medina County Jail effective immediately." In the purge order, the trial court also addressed Husband's motion to stay and held: "[b]ased upon the history of this case, the timing of the notice of appeal, Mr. DiDomenico's well-documented defiance of court orders, and the lack of a final appealable order, the Court does not find his motion to stay proceedings pending appeal well taken as to the purge." However, the trial court gave Husband "14 days to supplement his motion to stay to indicate why the other pending matters should be stayed pending his appeal[.]"
 {¶ 4} On December 28, 2007, Husband filed an additional notice of appeal, and filed a supplement to his initial motion to stay proceedings on January 2, 2008. Husband did not, however, file a motion to stay in this Court. On January 28, 2008, Husband moved to consolidate the appeals. On January 30, 2008, the appeals were consolidated.
 {¶ 5} On September 2, 2008, this Court ordered the parties to show cause as to why the current action should not be dismissed for mootness. Husband timely responded. *Page 3 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT [HUSBAND] FAILED TO PURGE ITS ORDER OF CONTEMPT, WHERE THE PURGE CONDITIONS IMPOSED WERE UNREASONABLE OR COMPLIANCE WAS IMPOSSIBLE FOR [HUSBAND]."
 {¶ 6} Husband argues that the trial court abused its discretion by imposing purge conditions that the court knew to be unreasonable and impossible from Husband's testimony. However, as Husband has already served the sentence imposed by the contempt order, his appeal is moot and this Court declines to reach the merits of his only assignment of error.
 {¶ 7} This Court has noted that "[a]s a general rule, courts will not resolve issues which are moot." Boncek v. Stewart, 9th Dist. No. 21054, 2002-Ohio-5778, at ¶ 10, citing Miner v. Witt (1910), 82 Ohio St. 237, syllabus. It is "[t]he duty of this court, as of every other judicial tribunal, to decide actual controversies by a judgment which can be carried into effect, and not * * * to declare principles or rules of law which cannot affect the matter in issue in the case before it."Boncek at ¶ 10, citing Miner, 82 Ohio St. at 238.
 {¶ 8} Furthermore, "[o]nce a sentence is served, any appeal is moot because there is no subject matter for the court to decide." In reS.J.K., 114 Ohio St.3d 23, 2007-Ohio-2621, at ¶ 9. More specifically, it has been found that "[a]n appeal from a civil contempt finding and sentence becomes moot when a party purges herself of the contempt or serves the sentence imposed by the court." Green v. Green, 11th Dist. No. 2007-P-0092, 2008-Ohio-3064, at ¶ 24, citing Kimbler v.Kimbler, 4th Dist. No. 05CA2994, 2006-Ohio-2695, at ¶ 27; see, also,Wesley v. Wesley, 10th Dist. No. 07AP-206, 2007-Ohio-7006; Carroll Cty.Bur. of Support v. Brill, 7th Dist. No. 05CA818, 2005-Ohio-6788. *Page 4 
 {¶ 9} However, this court has found that an appeal is not moot where an individual has not voluntarily served the sentence imposed by the judgment he appeals. See State v. Sanders, 9th Dist. No. 23504,2007-Ohio-2898, at ¶ 11. In Sanders, this court found that a sentence was not voluntarily served where a motion to stay was filed and the trial court denied the motion. Id.
 {¶ 10} In the case before this Court, Husband admitted at oral argument that he had already served the forty-five (45) day jail sentence imposed by the trial court. However, Husband was still afforded the opportunity to show cause as to why the appeal was not moot, but failed to set forth a meaningful argument showing this Court that his appeal was eligible for review. Specifically, Husband failed to show that the appeal was not moot because he involuntarily served his sentence, or because he had not yet served his sentence. Rather, Husband confirmed this Court's suspicions, albeit indirectly, that his sentence had already been served, and, furthermore, it appears from the record that Husband submitted to the imposition of his sentence well before he filed the supplement to his original motion to stay. According to the record, Husband was ordered to start serving his sentence on December 19, 2007, but did not file the supplement to his original motion to stay until fourteen (14) days after he began serving his sentence. Moreover, Husband did not file a motion to stay proceedings in this Court, and in doing so failed to exhaust all avenues of redress before serving his sentence. Accordingly, Husband has failed to show that his appeal is not moot, and this Court dismisses his appeal.
 III. {¶ 11} As it appears that the appeal is moot, Husband's appeal is dismissed.
 Appeal dismissed. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 Moore, J., Dickinson, J., concur. *Page 1