OPINION *Page 2 
{¶ 1} Plaintiff-appellant Michael S. Farrell appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio which overruled his motion to modify the child support he is ordered to pay to defendant-appellee Linda M. Farrell. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO COMPLY WITH OHIO REVISED CODE SECTION 3119 AND DID NOT ATTACH A CHILD SUPPORT WORKSHEET TO THE ENTRY DENYING APPELLANT'S MOTION FOR A MODIFICATION OF SUPPORT.
 {¶ 3} "II.THE TRIAL COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT WHEN APPELLANT HAD ESTABLISHED THE AFFIRMATIVE DEFENSE OF IMPOSSIBILITY OF PERFORMANCE.
 {¶ 4} "III. THE TRIAL COURT ERRED IN FAILING TO FIND A CHANGE OF CIRCUMSTANCES WARRANTING A MODIFICATION OF APPELLANT'S CHILD SUPPORT OBLIGATION.
 {¶ 5} "IV. IT WAS A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS FOR THE COURT TO FAIL TO COMPLY WITH THE OHIO REVISED CODE SECTION 3119 AND FAILED (SIC) TO COMPLETE OR ATTACH A CHILD SUPPORT WORKSHEET TO THE ORIGINAL CHILD SUPPORT ORDER OR TO SUBSEQUENT ENTRIES DENYING APPELLANT'S MOTIONS FOR MODIFICATION OF HIS SUPPORT OBLIGATIONS."
 {¶ 6} This appeal arises from a magistrate's decision filed September 17, 2007. The magistrate dealt with financial issues, as well as several issues which are not *Page 3 
before this court. The magistrate recited a "litany of woes" appellant faced including debts arising from his failed hair salon endeavor, and his consequential inability to live up to his obligations set out in the agreed divorce decree. Appellant had agreed to pay approximately $3,000 monthly in child support, $2,800 monthly in spousal support, and approximately $50,000 in credit card debt.
 {¶ 7} The magistrate noted at the time he entered into this agreement appellant was planning to remarry within a short time after the divorce. The magistrate found appellant and his new wife have three children. Appellant spent over $300,000 for a new home for his new family with $6,000 in annual real estate taxes and $2,000 in monthly payments. Appellant's new wife also has substantial financial obligations.
 {¶ 8} The magistrate found appellant's business obligations included well over $300,000. The magistrate found appellant intended to file for bankruptcy.
 {¶ 9} The magistrate found appellant's business problems started with an overly ambitious expansion plan, which never really "got off the ground". The magistrate noted appellant's accountant testified he had lost $83,000 in the first five months of 2007. The appellee argued appellant was hiding money and understating his ability to pay his various obligations. The magistrate found this may have been the case previously, but at the time of hearing, it was impossible for appellant to meet his obligations.
 {¶ 10} The magistrate found the defense of impossibility is only available in situations where the person asserting the defense has no control over the circumstances. The magistrate found impossibility did not relieve appellant of his obligations and was not a defense to the contempt, because appellant placed himself in this position by making what the magistrate referred to as atrocious business decisions *Page 4 
and even worse personal financial decisions. The magistrate characterized the situation as a series of almost fatal decisions which continued to feed on one another.
 {¶ 11} The magistrate concluded under the circumstances of this case, appellant may not be able to pay, but is nevertheless required to pay under the terms of the divorce decree.
 {¶ 12} Appellant had been found in contempt of court on October 26, 2006, for failure to pay child support, spousal support, appellee's attorney fees, credit card obligations, and the children's extracurricular fees. The magistrate found appellant had failed to purge himself from the prior findings of contempt and imposed the ten-day sentences previously suspended on each of the prior five contempt findings. The magistrate set a date for an imposition review hearing with the trial court.
 {¶ 13} On January 7, 2008, appellant filed objections to the magistrate's decision filed September 17, 2007. The trial court conducted a hearing on the imposition of sentence for contempt on January 9, 2008, overruled the objections and imposed sentence which appellant subsequently served.
 II. {¶ 14} In his second assignment of error, appellant asserts the court erred in finding him in contempt when he had established the affirmative defense of impossibility of performance.
 {¶ 15} "A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. Peach v. Peach, Cuyahoga App. Nos. 82414, and 82500, 2003-Ohio-5645, at ¶ 37. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. Carroll v. Detty (1996), *Page 5 113 Ohio App.3d 708, 712, 681 N.E.2d 1383. A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible. Burchett v. Miller (1997),123 Ohio App.3d 550, 552, 704 N.E.2d 636. If a party makes a good faith effort to pay support, contempt is not justified. Courtney v. Courtney (1984),16 Ohio App.3d 329, 475 N.E.2d 1284. The burden to show an inability to pay is on the party being held in contempt. Danforth v. Danforth (Apr. 15, 2001), Cuyahoga App. No. 78010." Baker v. Mague, Cuyahoga App. No. 82792, 2004-Ohio-1259 at paragraph 14.
 {¶ 16} In Peterson v. Peterson, Muskingum App. No. 2003-0049,2004-Ohio-4714, this court found an order which finds a party in contempt and imposes a suspended jail sentence is a final appealable order, Peterson at paragraph 8, citations deleted. In DiDomenico v.DiDomenico, Medina App. Nos. 07-CA-0127-M and 07-CA-0132-M,2008-Ohio-4941, the Court of Appeals for the 9th District found an appeal was rendered moot when the contemptnor has served the sentence. The court cited In Re: S.J.K., 114 Ohio St. 3d 23,2007-Ohio-2621, 867 N.E. 2d 408 as holding after a sentence is served any appeal is moot because there is no subject matter for the court to decide. DiDomenico at paragraph 8.
 {¶ 17} We find appellant cannot now appeal findings of contempt and conditions for purging entered in 2006. The second assignment of error is overruled as moot.
 III {¶ 18} In his third assignment of error, appellant urges the trial court erred in failing to find a change of circumstances warranting a modification of his child-support obligations. We agree. *Page 6 
 {¶ 19} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders in Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217; to property divisions in Martin v.Martin (1985), 18 Ohio St. 3d 292; and to custody proceedings inMiller v. Miller (1988), 37 Ohio St. 3d 71. More recently, the Court has applied the abuse of discretion standard to decisions calculating child support, see Dunbar v. Dunbar, 68 Ohio St 3d 369, 533-534,1994-Ohio-509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio State Med. Board, (1993),66 Ohio St.3d 619, 621.
 {¶ 20} The magistrate found because appellant's financial situation was a result of appellant's poor decisions in his business and personal life, modification of the support order was not appropriate. An individual who is voluntarily under employed or unemployed is not entitled to a reduction in child support, and a court may impute income to the individual equal to his or her relative earning ability. R.C. 3119.01 et seq. In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs of the child, Woloch v. Foster (1994),98 Ohio App. 3d 86, 649 N.E. 2d 918. A trial court does so by weighing the circumstances of each particular case. Rock v. Cabral (1993),67 Ohio St. 3d 108, 616 N.E. 2d 218. *Page 7 
 {¶ 21} In Pauley v. Pauley, Clark App. No. 2001-CA-49, 2002-Ohio-1210, the Court of Appeals for the 2nd District reviewed a situation where a trial court denied an ex-husband's motion to reduce his spousal support. The ex-husband had testified his solely owned business had gone bankrupt and he had personally guaranteed the business debts. The trial court concluded his financial difficulties were brought about by his own conscious choices and business decisions, without input from his ex-wife, and equity dictates that the adverse consequences should not reduce the ex-wife's spousal support. The court of appeals reversed, finding the ex-husband had not planned to reduce his income, but his financial situation was due to decisions that, in light of twenty-twenty hindsight, turned out badly.
 {¶ 22} We find the court abused its discretion in finding appellant was not entitled to a reduction of his child support obligation where it expressly found it was impossible for him to make the payments, and where it did not find appellant had intentionally reduced his income.
 {¶ 23} The third assignment of error is sustained.
 I IV {¶ 24} Appellant challenges the trial court's omission of a child-support worksheet to its entry overruling his motion for modification of support. Appellant cites us to Marker v. Grimm (1992),65 Ohio St. 3d 139, wherein the Supreme Court held the applicable statute mandates a court complete a child-support worksheet. The Supreme Court also found a worksheet enables appellate courts to a meaningful appellate review of the award. *Page 8 
 {¶ 25} Appellee submits R.C. 3119.04 provides for a case-by-case determination of child support for combined gross income greater than $150,000. The Code does not provide guideline amounts for incomes higher than $150,000 per year.
 {¶ 26} The statute provides in pertinent part:
 {¶ 27} "(B) If the combined gross income of both parents is greater than $150,000 per year, the court, with respect to a court child-support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child-support obligation on a case-by-case basis and shall consider the need and standard of living of the children who are the subject of the child-support order and of the parents. The court or agency shall compute a basic combined child-support obligation that is no less than the obligation that would have been computed under the basic child-support schedule and applicable worksheet for a combined gross income of $150,000, unless the court or agency determines that it would be unjust or inappropriate and would not be in the be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings."
 {¶ 28} In Cho v. Cho (December 23, 2003), Mahoning App. No. 03 MA 73, the 7th District Court of Appeals found in computing child support for parents whose combined income exceeds $150,000, a court must compute an obligation no lower than the amount of the basic child-support schedule provides for couples with incomes of $150,000, and must make its determination in its judgment entry. Cho
at paragraph 14.
 {¶ 29} Thus, although a worksheet is not required, on remand the trial court should make a finding of what the basic child-support schedule provides for an income *Page 9 
of $150,000, so this court can determine whether the amount of support ordered complies with the statue.
 {¶ 30} The first and fourth assignments of error are overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., and Farmer, P J., concur; Hoffman, J., concurs. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 10