[Cite as *Bosch v. Bosch*, 2017-Ohio-7308.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NICHOLAS BOSCH | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KELLY J. BOSCH | : | Case No. 17-CA-14 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Domestic Relations Divison,
                             Case No. 13 DR 483

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            August 21, 2017

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

HOLLY P. REGOLI                      THOMAS C. LIPP
124 West Main Street                 KEVIN J. TROTTER
Suite 203                            123 South Broad Street
Lancaster, OH  43130                 Suite 309
                                     Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1} Plaintiff-Appellant Nicholas Bosch (Father), appeals the February 14, 2017 judgment entry adopting the magistrate's decision of the Fairfield County Court of Common Pleas Domestic Relations Division. Defendant Appellee is Kelly Bosch (Mother).

FACTS AND PROCEEDURAL HISTORY

{¶ 2} Father and Kelly Bosch were married in September 2008 and have two minor children, one born before their marriage, and one after. They separated in October, 2013. Father filed for a divorce on November 6, 2013. The matter proceeded to a trial before a magistrate on March 14, 2016. The sole purpose of the trial was to address financial matters. Here on appeal, Father's sole issue is the trial court's imputation of his income in the amount of $70,976.48.

{¶ 3} Before trial, Father had four different attorneys. At trial, Father represented himself. He made no opening or closing argument, presented no evidence or exhibits, declined to testify, and cross-examined Mother only as to her current income. He presented no evidence as to his current or prior income. He then rested his case.

{¶ 4} Mother, through counsel, presented evidence of her own income and expenses, as well as W-2's from Father's last known place of employment, Scioto Ready Mix. Father's gross income with Scioto Ready Mix was $70,976.48.

{¶ 5} At the conclusion of the trial the parties were directed to submit proposed findings of fact and conclusions of law. Father filed the same on April 19, 2016. The document included seven exhibits and information that Father did not present at trial. The magistrate issued her decision on October 19, 2016. In rendering her decision, the magistrate did not consider the exhibits or information that Father failed to present at trial.

{¶ 6} Father filed objections to the magistrate's decision on October 31, 2016. Mother filed a reply on January 30, 2017. On January 31, Father filed "Amended and Supplemental Objections to the Magistrate Decision." In each, Father attempted to introduce evidence and pose arguments that should have been raised at trial.

{¶ 7} On February 14, 2017, the trial court denied Father's objections and amended objections, and adopted the magistrate's decision.

{¶ 8} Father now appeals, raising one assignment of error:

I

"THE TRIAL COURT ERRED WHEN IT IMPUTED INCOME OF $70,000.00 TO PLAINTIFF-APPELLANT."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. Crawford v. Eastland Shopping Mall Assn., 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 12} Father argues that the trial court abused its discretion when it determined he was underemployed and imputed to him an income of $70,000.00 a year. We disagree.

{¶ 13} Our standard of review of decisions of a domestic relations court relating to child support, spousal support and property division, is generally an abuse of discretion standard. Snyder v. Snyder 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292 ¶ 28. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Holcomb v. Holcomb*, 44 Ohio St.3d 128,  541 N.E.2d 597 (1989).

{¶ 14} In calculating child support, a trial court is permitted to impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. R.C. 3119.01(C)(11). This Court stated in *Farrell v. Farrell*, 5th Dist. Licking No. 2008-CA-0080, 2009-Ohio-1341, ¶ 20: "In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs of the child. *Woloch v. Foster*, 98 Ohio App.3d 86, 649 N.E.2d 918 (1994). A trial court does so by weighing the circumstances of each particular case. *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993)."

{¶ 15} Pursuant to R.C. 3119.01(C)(11)(a), imputed income is determined from the following criteria:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) The parent's decreased earning capacity because of a felony conviction;

(xi) Any other relevant factor.

{¶ 16} In determining Father's income in order to arrive at his child support obligation, the magistrate found the following:

> At trial, Father presented no evidence regarding his current income or his prior income. The only evidence before the court regarding Plaintiff's income is Defendant's Trial Exhibit 9
>
> According to Defendant's Trial Exhibit 9, Father previously worked for Scioto Ready Mix and earned gross pay of $43,129.30 between June 30, 2013 and December 27, 2013. According to

Defendant's Trial Exhibit 9, Father earned gross pay of $27847.18 from January 3, 2014 to June 20, 2014 at Scioto Ready Mix. Thus, for an approximate twelve month period from June 30, 2013, to June 20, 2014, Father earned a total of $70,976.48.

Some of Father's gross income is overtime income and bonus income. The child support statute requires the Magistrate to include either last year's overtime and bonus income or the average of the past three years of overtime and bonus income, whichever is less. The Magistrate is unable to make this determination with the evidence presented. The Plaintiff and Defendant failed to present evidence the past three years of Plaintiff's overtime and bonus income. Therefore, for child support purposes, overtime income is included based upon Father's overtime earnings from June 30, 2013 through June 20, 2014.

Father declined to testify or offer any other evidence when he had the opportunity to present his case-in-chief. Father did not provide evidence of his current employment or current sources of income. If Father is no longer working at Scioto Ready Mix, he offered no explanation for this. The Magistrate concludes that work is available in the locality for which Father would be qualified. If Father is no longer earning an annual income of $70,976.48, the magistrate concludes he is voluntarily underemployed. For child support purposes, income is imputed to Father at $70,976.48.

{¶ 17} Father complains there was no evidence presented at the trial to support a conclusion that he is voluntarily underemployed, yet he produced no evidence to the contrary. The only evidence presented consisted of tax documents from Father's last known place of employment.

{¶ 18} Father additionally argues the trial court failed to consider any of the factors contained in Ohio Revised Code Section 3119.01(C)(11) to determine his potential income. This court, however, has previously found there is no "magic language" requirement in deciding if an individual is voluntarily under employed or unemployed. *Snyder v. Snyder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292 ¶ 37, citing *Winkelman v. Winkelman*, 7th Dist. Geauga No. 07 DC 255, 2008-Ohio-6557, ¶ 22. We find the trial court's statement to be sufficient to comply with the requirement of R.C. R.C. 3119.01(C)(11) that a finding of voluntary unemployment or underemployment be made before imputing income for child support purposes.

{¶ 19} As noted above, Father presented no evidence at trial as to his current employment. Mother presented evidence of Father's last known place of employment. This is the only evidence from which the magistrate could draw a conclusion. Upon review of the record, we simply cannot find the trial court abused its discretion in determining the imputation of income.

{¶ 20} The sole assignment of error is denied.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/sg 807