[Cite as *Cottle v. Pourzanjani*, 2018-Ohio-461.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JAMES H. COTTLE

      Plaintiff-Appellant

-vs-

LYDIA POURZANJANI

      Defendant-Appellee

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 17CAF050030

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case 14 DR B 04 175 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 2, 2018 |
| APPEARANCES: | |

For Defendant-Appellee

CRAIG P. TRENEFF
155 Commerce Park Dr. Suite 5
Westerville, Ohio 43081

For Plaintiff-Appellant

DOUGLAS B. DOUGHERTY
3010 Hayden Road
Columbus, Ohio 43235

*Hoffman, J.*

{¶1} Plaintiff-appellant James H. Cottle appeals the April 4, 2017 Judgment Entry entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's February 11, 2016 decision, and approved and adopted said decision as order of the court. Defendant-appellee is Lydia Pourzanjani.

## STATEMENT OF THE FACTS AND CASE

{¶2} The parties were divorced via Agreed Judgment Entry-Decree of Divorce filed May 30, 2014. The Decree incorporated the parties' April 10, 2014 Separation Agreement, and April 11, 2014 Addendum. Pursuant to the Separation Agreement, Appellant was awarded his dental practice free and clear of any claims by Appellee. In addition, Appellant was ordered to pay spousal support to Appellee in the amount of $3,108.03/month for a period of 60 months. The trial court retained jurisdiction to modify the amount of the award, but not the duration.

{¶3} On August 31, 2015, following the sale of his dental practice and subsequent acceptance of full-time employment at The Ohio State University College of Dentistry ("Ohio State"), Appellant filed a motion to terminate or modify spousal support. Appellant's job change resulted in a 46.8% decrease in his salary. The net proceeds of the sale of Appellant's dental practice were approximately $315,000.

{¶4} The magistrate conducted a hearing on Appellant's motion. The following evidence was adduced at the hearing.

{¶5} When the parties married in 1997, Appellant was a dentist with an established private dental practice. Appellee did not contribute to Appellant's education

or his professional career. In addition to his private dental practice, Appellant also taught part-time at Ohio State. Appellee was a dietician and worked full-time during the entire marriage.

{¶6} In 2008, Appellant began experiencing significant pain in his right hip, which ultimately led to a hip replacement in 2010. Several times a year during the course of the marriage, the parties discussed Appellant's selling his dental practice and teaching full-time. Appellee was supportive of the idea and encouraged Appellant to pursue a full-time teaching position.

{¶7} While the parties were negotiating their divorce, Appellant did not have any plans or intentions of retiring, selling his dental practice, or taking a position at Ohio State. Appellant was unaware of any full-time openings at Ohio State. At the time of the divorce, Appellant's income from his dental practice averaged $169,156.00/year over a period of three years. Appellant earned $8,603.00/year from his part-time teaching position at Ohio State. Appellee's income was $57,756.00/year. In calculating the spousal support award, the parties agreed Appellee would receive 43.8% of the total after-tax income. The spousal support award was calculated at $3,108.33/month.

{¶8} In the spring of 2014, following the parties' divorce, Appellant again began experiencing pain in his right hip. Appellant saw his surgeon, who informed Appellant the pain he was experiencing was due to the tissue around his hip implant, not the implant itself. Appellant explained dentists suffer a number of medical issues involving their necks, backs, arms, hand, and hips as a result of the manner in which they move their bodies while working on patients. Appellee acknowledged Appellant complained about pain in his hip following his surgery and prior to the commencement of the divorce

negotiations. After the negotiations began, Appellant told Appellee he continued to experience the pain in his hip.

{¶9} In October, 2014, Appellant learned about a full-time teaching position at Ohio State. Appellant applied for the position in November, or December, 2014. Appellant could not maintain his dental practice and work full-time at Ohio State. On December 9, 2014, Appellant entered into a contract with Paragon, Inc. to sell his dental practice. Paragon provided Appellant with a Fair Market Value & Financial Analysis Report Summary, which was based upon the market value of the income stream and client base of the dental practice on December 19, 2014. Appellant signed an agreement to sell his practice on December 31, 2014. On February 17, 2015, Appellant received, and subsequently accepted, a written offer from to join the faculty at Ohio State on a full-time basis. The sale of Appellant's dental practice was finalized on April 17, 2015. Appellant began his employment with Ohio State on May 4, 2015.

{¶10} At the time of the magistrate's hearing, Appellant's salary was $94,395.00/year, a 46.8% decrease in income. Appellee's income increased approximately 3%, to $60,000/year.

{¶11} Via Decision filed February 11, 2016, the magistrate denied Appellant's motion to terminate or modify spousal support. Appellant filed objections to the magistrate's decision. Via Judgment Entry Sustaining Plaintiff's 4/15/16 Final Objections to the Magistrate's 2/11/16 Decision filed May 25, 2016, Judge Gormley found Appellant "ha[d] shown a sufficient change in circumstances to warrant a modification of the spousal-support award." May 25, 2016 Judgment Entry at 5. Judge Gormley ordered the case be returned to the magistrate for further proceedings. *Id.* Subsequent to Judge

Gormley issuing his decision, the Delaware County Court of Common Pleas established a new Domestic Relations Division. Judge Randall D. Fuller became the judge for the new division.

**{¶12}** On his own initiative, Judge Fuller decided to review Judge Gormley's May 25, 2016 Judgment Entry. Via Judgment Entry filed April 4, 2017, Judge Fuller reconsidered Judge Gormley's ruling on Appellant's objections, as such was an interlocutory order, and denied Appellant's motion to terminate or modify spousal support.

**{¶13}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

1. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT, TO ESTABLISH AN APPROPRIATE CHANGE IN CIRCUMSTANCES, A MOVANT MUST PROVE THAT THE CHANGE WAS NOT CONTEMPLATED, AND VOLUNTARY, AND NOT PURPOSEFUL.

2. THE TRIAL COURT ERRED WHEN IT FAILED TO CONCLUDE THAT JIM ESTABLISHED AN APPROPRIATE CHANGE IN CIRCUMSTANCES.

I, II

**{¶14}** Because Appellant's assignments of error are interrelated, we shall address them together. In his first assignment of error, Appellant contends the trial court erred in concluding he was required to prove his change in circumstances "was not contemplated, and voluntary, and not purposeful." In his second assignment of error, Appellant

maintains the trial court erred in failing to find he had established an appropriate change in circumstances.

**{¶15}** An appellate court reviews the modification of spousal support under an abuse-of-discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶16}** "Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." *Moore v. Moore* (1997), 120 Ohio App.3d 488, 491, 698 N.E.2d 459, citing *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. See R.C. 3105.18(E).

**{¶17}** R.C. 3105.18 provides guidelines for the modification of spousal support as follows:

(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or

spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support * * *

(F)(1) For purposes of divisions (D) and (E) of this section and subject to division (F)(2) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or ***involuntary decrease*** in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable.

(2) In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing

jurisdiction of the court as contained in the original decree. (Emphasis added.)

**{¶18}** The burden of establishing the need for modification of spousal support rests with the party seeking modification. *Cattaneo v. Needham,* 5th Dist. Licking No.2009 CA00142, 2010–Ohio–4841, citing *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249.

**{¶19}** Appellant predicates his assignments of error on a reading of the April 4, 2017 Judgment Entry, which we find to be inaccurate. Appellant states the trial court concluded, in order to establish an appropriate change in circumstances, he, as the movant, was required to "prove the existence of a change that was not contemplated, not voluntary, and not purposeful." Brief of Appellant at 17. Appellant submits the trial court incorrectly analyzed the law, and erroneously found he had not established an appropriate change in circumstances.

**{¶20}** Appellant focuses on the following portion of the April 4, 2017 Judgment Entry, in which the trial court sets forth the law relative to the modification of spousal support:

A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree expressly reserved jurisdiction to modify the award and the court finds that a substantial change in circumstances has occurred. See *Ressler v. Ressler*, 17 Ohio St.3d 17 (1985) and *Kumper v. Kumper*, 2010-Ohio-3960 (5th Dist.). Furthermore, "to constitute a basis for

modifying spousal support, the change of circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement or order." *Gemell* [sic] *v. Gemmell*, 2007-Ohio-5546 (5th Dist.). See also *Walters v. Boney*, 2009-Ohio-574 (5th Dist.). *Id.* at 2.

**{¶21}** The trial court proceeded to analyze the facts relative to the motion before it, and found Appellant's "change in circumstances was not only voluntary and purposely brought about by [Appellant], but the change was also contemplated by the parties." *Id.* at 3.

**{¶22}** Appellant argues the trial court incorrectly concluded he did not establish an appropriate change in circumstances because it found he did not prove the change was not contemplated, not voluntary, and not purposeful. Appellant explains the foreseeability analysis for determining whether a change constitutes an appropriate change in circumstances was abrogated by the 2012 amendments to R.C. 3105.18(F), and the trial court erred in undertaking such an analysis.

**{¶23}** We find the trial court was correct in finding Appellant's change in employment was not "involuntary" as Appellant intentionally reduced his annual income in order to pursue his "dream job". The trial court also correctly found the parties had contemplated the career change for Appellant during the course of the marriage. We further find, contrary to Appellant's position, the trial court did, in fact, find a change in circumstances. However, the trial court determined, after "considering the statutory factors of R.C. 3105.18(C) * * * that, *despite [Appellant's] change in circumstances*, the

amount of $3,108.03 per month remains an appropriate a [sic] reasonable amount of spousal support." *Id.* at 4 (Emphasis added.)

**{¶24}** Upon consideration of the factors set forth in R.C. 3105.18(C), the trial court found Appellant's individual net worth had increased by 35% since the time of the divorce while Appellee's individual net worth had only increased by 1%. The trial court also found Appellant continued to maintain the standard of living established by the parties during their marriage, Appellee had not. Appellee withdrew $22,000.00, from her IRA in order to put a down payment on her home. The result was a decrease in her overall retirement assets. Appellant, on the other hand, increased his retirement assets by becoming a member of the State Teachers Retirement System through his employment with the dental school. Appellee's monthly living expenses exceeded Appellant's monthly living expenses due, in part, to her having to take out a mortgage on her new home. Appellant's 2014 tax returns reflect an adjusted income of $147,941, from his dental practice. Appellee's adjusted income for 2014, was $54,034. The trial court concluded because Appellant's change in circumstances was voluntary, "his prior income as a dentist in the amount of $147,941 per year should be imputed to him when determining a current appropriate and reasonable amount of spousal support." *Id.* at 5.

**{¶25}** The trial court also found the timing of the sale of Appellant's dental practice "very suspect" as he entered into an agreement to sell the practice on December 9, 2014, only seven months after the original divorce decree, but did not secure his position with Ohio State until February, 2015, and did not formally close on the sale of the dental practice until April 6, 2015. Appellant received net proceeds from the sale of his dental practice in the amount of $306,220.77. The trial court concluded Appellant had sufficient

assets not only to support himself for the duration of the 60 month spousal support award, but also to pay the spousal support award previously agreed to by Appellant and ordered by the court.

{¶26} During the course of the divorce proceedings, the parties agreed Appellant's dental practice was his separate property. The trial court considered that asset when it ordered the original spousal support award. The fact Appellant subsequently liquidated the asset should not impact the trial court's decision to modify the award, and the trial court should not have considered the liquidation of the asset as a reason to, or not to, modify the award. We find the trial court improperly considered Appellant's separate property already valued and contemplated in determining the original award in its decision not to terminate or modify spousal support. However, because Appellant personally chose to liquidate an income generating asset, we find it was proper for the trial court to impute the income Appellant would have earned from the asset when determining whether to modify the amount of the award.

{¶27} Based upon the foregoing, we find the trial court did not abuse its discretion in not modifying Appellant's spousal support obligation.

{¶28} Appellant's first and second assignments are overruled.

**{¶29}** The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur