[Cite as *Young v. Young*, 2018-Ohio-4978.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MICHAEL N. YOUNG

     Plaintiff – Appellant

-vs-

LEE A. YOUNG

     Defendant – Appellee

JUDGES:
Hon. William B. Hoffman, P.J
Hon. Craig R. Baldwin, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2018 CAF 05 0039

O P I N IO N


CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DRB 05 0263


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 10, 2018


APPEARANCES:


For Plaintiff-Appellant

CASSIE L. SCRENGI
Cordell & Cordell LLP
10 W. Broad Street, Suite 1550
Columbus, OH  43215

For Defendant-Appellee

CHAD A. HEALD
Heald Law
125 N. Sandusky Street
Delaware, OH  43015

*Hoffman, P.J.*

{¶1}    Appellant Michael N. Young appeals the judgment entered by the Delaware County Common Pleas Court, Domestic Relations Division, overruling his motion to reduce spousal support and finding him in contempt of court for failing to pay spousal support.  Appellee is Lee A. Young.

STATEMENT OF THE FACTS AND CASE

{¶2}    The parties were married on January 26, 1997.  The marriage was terminated by Decree of Divorce entered on June 6, 2014.

{¶3}    At the time of the January 23, 2013, trial on the underlying complaint for divorce, Appellant was employed in a technology-related position by Sogeti Corp.  At trial he testified he was planning on leaving his employment to either return to his former job or seek employment in another agency, where he would have more freedom and less job-related stress.   The magistrate found in the September 4, 2013 decision Appellant testified he was confident he could return to his former position at roughly $30,000 less income per year.

{¶4}    Appellant began seeking other employment in February of 2013.  He was terminated by Sogeti Corp. on October 14, 2013, when his position was eliminated.  He formed Popular Tech Consultant, LLC, a few weeks later.  Appellant also remarried and adopted a child after the divorce was finalized.

{¶5}    On September 12, 2014, Appellant filed a motion to show cause alleging Appellee failed to cooperate in listing the marital residence for sale.  Appellee filed a motion on October 9, 2014, alleging Appellant failed to pay the mortgage for July through

September, 2013, and failed to pay the maintenance fee on the parties' timeshare.    The case was stayed from January 13, 2015 to October 16, 2015.

{¶6}    Appellant filed a second motion to show cause on March 13, 2015, alleging Appellee was late in making mortgage payments, failed to maintain the marital residence, sold a tractor that was to be transferred with the marital residence, and failed to account for personal property he was to receive and property that was to transfer to the buyer of the home.  Appellant filed a motion to terminate or modify spousal support on October 13, 2015.

{¶7}    Appellee filed a motion to show cause on April 12, 2016, alleging Appellant failed to pay spousal support as ordered, failed to pay attorney fees, failed to transfer retirement funds, and failed to make payments for the parties' timeshare.

{¶8}    The matter proceeded to trial before a magistrate on February 8 and 9, 2017.  Both parties and Appellee's sister-in-law testified.  The magistrate found both parties 2014 contempt motions should be denied.  The magistrate found Appellee should be held in contempt for selling the tractor, and Appellant should be found in contempt for failing to pay attorney fees and spousal support.  The magistrate found the motion to modify or terminate spousal support should be denied because Appellant's change in job and income was contemplated at the time of the original trial.  The magistrate recommended Appellant be ordered to pay all court costs.

{¶9}    Appellant filed objections to the magistrate's decision. The court overruled all objections and entered judgment in accordance with the magistrate's decision.  It is from the April 13, 2018 judgment of the trial court Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MODIFY APPELLANT'S SPOUSAL SUPPORT OBLIGATION BASED ON A CHANGE OF CIRCUMSTANCES.

II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND APPELLANT IN CONTEMPT FOR FAILURE TO FULLY COMPLY WITH THE SPOUSAL SUPPORT OBLIGATION WHEN HE RAISED THE VALID DEFENSE OF IMPOSSIBILITY.

III. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FAILED TO FIND APPELLEE IN CONTEMPT FOR FAILURE TO PROVIDE THE PERSONAL PROPERTY ITEMS ALLOCATED TO APPELLANT PER THE DECREE.

IV. IT IS AN ABUSE OF DISCRETION TO FIND APPELLANT 100% RESPONSIBLE FOR ALL COURT COSTS IN THIS MATTER.

I.

**{¶10}** In his first assignment of error, Appellant argues the court abused its discretion in failing to modify his spousal support based on a change in circumstances.

**{¶11}** R.C. 3105.18(F) states:

Involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable.

{¶12} An appellate court reviews the modification of spousal support under an abuse-of-discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} "Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." *Moore v. Moore* (1997), 120 Ohio App.3d 488, 491, 698 N.E.2d 459 (1997), citing *Leighner v. Leighner*, 33 Ohio App.3d 214, 215, 515 N.E.2d 625 (1986).

{¶14} The burden of establishing the need for modification of spousal support rests with the party seeking modification. *Cottle v. Pourzanjani*, 5th Dist. Delaware No. 17CAF050030, 2018-Ohio-461, 104 N.E.3d 1010, ¶18.

{¶15} The magistrate made the following findings related to the issue of whether there was a change of circumstances sufficient to modify spousal support:

51. Based on the finding of the Magistrate at the original trial in this matter, as outlined in the Magistrate's Decision filed on September 4, 2013 and Plaintiff's Exhibit 10, the Magistrate finds that Plaintiff had contemplated leaving Sogeti USA at the time of the January 2013 trial. Plaintiff contemplated that returning to his previous employer would result in a reduction of pay between $20,000-$30,000 annually. The Magistrate cannot say that a change of circumstance was not taken into account by at least one party, i.e. Plaintiff.

52. Plaintiff testified that his monthly salary is $2,920.00 and tendered Plaintiff's Exhibit 35. However, upon review of Defendant's Exhibit 1, Huntington Bank Records for Plaintiff's business "The Popular Tech Consultant, LLC," it is apparent that Plaintiff uses his business account regularly to pay his personal expenses, e.g., payments to Cordell Law Firm, a hotel expense in Italy. The use of the business account as a personal account further calls into question Plaintiff's monthly and annual salary and the reliability of expenses he claims under Schedule C, e.g. $4,898 in legal fees in 2015.

53. Further, Plaintiff testified that he has since remarried and, at the time of the trial, had a four-month-old child. Plaintiff testified that his present wife is not employed outside of the home. The Magistrate does not consider this a change of circumstance that should be taken into account as a basis for modification or termination of the support order.

54. Based on the consideration of factors contained in the O.R.C. and the evidence before the Court regarding Plaintiff's income, expenditures, and change of circumstances, Plaintiff's Request to modify Spousal Support is not well taken and is Denied. The amount of spousal support previously awarded remains reasonable and appropriate give the totality of the evidence before the Court.

**{¶16}** The trial court overruled Appellant's objections to the magistrate's decision, finding Appellant's job change and corresponding change in income was contemplated at the time of the divorce, and further the evidence supported the magistrate's finding Appellant's credibility concerning his current income was questionable. We agree.

**{¶17}** In the findings of facts of the 2013 Magistrate's Decision concerning spousal support, the magistrate found Appellant was actively thinking about going back to his old job to lower his stress levels, decreasing his income by roughly $30,000 per year. Although Appellant testified at the modification hearing he was not contemplating leaving Sogeti Corp. at the time of the divorce, he then admitted he had sent out applications prior to the divorce and was actively pursuing other employment. He also admitted he testified at the original trial he planned to return to his old job or find another job with more freedom and less stress. Tr. 74-79. The evidence supports the trial court's finding Appellant's change in job circumstances was contemplated at the time the existing spousal support order was made.

**{¶18}** Further, there was evidence presented Appellant was using his business account for personal expenses, and evidence his contract rate per hour was higher than

what he testified to at the hearing, calling into question the credibility of his current income figures.

**{¶19}** We find the trial court did not abuse its discretion in overruling Appellant's request to terminate or modify spousal support.

**{¶20}** The first assignment of error is overruled.

II.

**{¶21}** In his second assignment of error, Appellant argues the court abused its discretion in finding him in contempt of court for failure to pay spousal support, because he presented a valid defense of impossibility of payment.

**{¶22}** A trial court's decision regarding contempt will not be reversed absent an abuse of discretion. *Gunawardena v. Gunawardena*, 5th Dist. Delaware No. 14 CAF 06 0035, 2015-Ohio-2566, ¶ 1, citing *Beltz v. Beltz*, 5th Dist. Stark Nos. 2005CA00193, 2005CA00194, 2006-Ohio-1144. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore, supra.*

**{¶23}** "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *Mohr v. Mohr,* 5th Dist. Morgan No. 16AP0007, 2017-Ohio-1044, 2017 WL 1090984, ¶ 15, quoting *McKinney v. McKinney*, 5th Dist. Stark No. 2014CA00118, 2015 WL 1331886, ¶ 11–12 quoting *Beach v. Beach*, 99 Ohio App. 428, 431, 130 N.E.2d 164 (1955).

**{¶24}** If a party makes a good faith effort to pay support, contempt is not justified. *Slish v. Slish*, 5th Dist. Stark No. 2011CA00080, 2012-Ohio-1517, ¶ 28, citing *Raleigh v.*

*Hardy*, 5th Dist. No. 08 CA 0140, 2009-Ohio-4829, ¶ 47, citing *Courtney v. Courtney*, 16 Ohio App.3d 329, 475 N.E.2d 1284 (3rd Dist. Hancock 1984). The burden to show an inability to pay is on the party being held in contempt. *Id*. citing *Farrell v. Farrell*, 5th Dist. No. 2008–CA–0080, 2009-Ohio-1341, ¶ 15.

{¶25} As noted in the magistrate's decision quoted in assignment of error one above, the bank records for Appellant's business show Appellant used his business account regularly to pay his personal expenses, including the hotel for a trip to Italy which he testified was personal. The use of the business account as a personal account called into question the reliability of his annual and monthly salary reports, as well as the reliability of the expenses he claimed as business expenses on his tax returns. Further, Appellee presented evidence of several contracts awarded to Appellant's corporation in which his hourly fee was higher than what he testified to at trial. We find the trial court did not abuse its discretion in finding Appellant in contempt of court and rejecting his defense of impossibility.

{¶26} The second assignment of error is overruled.

III.

{¶27} In his third assignment of error, Appellant argues the court erred in failing to hold Appellee in contempt of court for failing to return items of personal property which were allocated to him in the divorce.

{¶28} A reviewing court must uphold a trial court's decision in a contempt proceeding absent a showing that the court abused its discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). The burden of proof for civil contempt is clear and convincing evidence. *Geary v. Geary*, 5th Dist. Delaware No. 14CAF050033,

2015-Ohio-259, 27 N.E.3d 877, ¶ 34, citing *Flowers v. Flowers*, 10th Dist. Franklin No. 10AP–1176, 2011-Ohio-5972.

{¶29} The magistrate found he did not "wholly believe" either party's version of what happened to the personal property. While Appellant testified he did not receive any of it, Appellee testified the items were placed in the barn at the marital residence and picked up by Appellant. Because the magistrate did not believe either party, he found Appellant failed to meet his burden of proof. The trial court overruled Appellant's objection to the magistrate's report, finding as had the magistrate, neither party credible, therefore it was appropriate to conclude Appellant failed to sustain his burden of proof.

{¶30} The court concluded Appellant was not wholly truthful in testifying he received none of the property allocated to him in the divorce decree, while Appellee was also not wholly truthful in testifying he received all of the property. Appellee's sister-in-law testified Appellant held a private yard sale where people from her church purchased items, and Appellee admitted she sold personal items at garage sales where she now resides in Florida. However, the testimony did not demonstrate Appellee sold any items specifically allocated to Appellant at these sales. We find the court did not abuse its discretion in concluding Appellant failed to meet his burden of proof on his motion for contempt concerning Appellee's failure to return his personal property.

{¶31} The third assignment of error is overruled.

IV.

**{¶32}** In his fourth and final assignment of error, Appellant argues the court erred in allocating 100% of court costs to him. He argues both parties were found in contempt, and therefore he should not be wholly responsible for costs.

**{¶33}** R.C. 3105.18(G) provides for allocation of court costs where a party is found in contempt of court for failure to pay spousal support:

If any person required to pay alimony under an order made or modified by a court on or after December 1, 1986, and before January 1, 1991, or any person required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.

**{¶34}** The assessment of costs is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Taylor v. McCullough Hyde Memorial Hospital*, 116 Ohio App.3d 595, 688 N.E.2d 1078 (12th Dist. Butler 1996).

**{¶35}** Appellant was found in contempt for failing to pay spousal support, with an arrearage in excess of $34,000.00. The matters for which Appellee was found in

contempt were offset against Appellant's spousal support arrearage, purging Appellee's contempt and leaving Appellant an arrearage of $33,544.02 as of February 7, 2017. Further, in addition to the contempt motions filed by both sides, the matter came before the court on Appellant's motion to terminate or modify spousal support, which was found to be without merit. Based on the circumstances of the case and statutory authority requiring the costs incurred for the contempt action based on Appellant's failure to pay spousal support to be wholly assessed to him, we find no abuse of discretion in the assessment of 100% of the costs against Appellant.

{¶36} The fourth assignment of error is overruled.

{¶37} The judgment of the Delaware County Common Pleas Court, Domestic Relations Division, is affirmed. Costs are assessed to Appellant.

By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur